UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLEFLO MANUFACTURING, INC., | ) | No. 20 CV 3642 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| SUNDYNE, LLC, ACCUDYNE INDUSTRIES LLC, DXP ENTERPRISES, INC., and PUMPWORKS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------- | ) | |
| PUMPWORKS, LLC, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEOPLEFLO MANUFACTURING, INC., | ) | |
| | ) | April 8, 2022 |
| Counter-Defendant. | ) | |

MEMORANDUM OPINION and ORDER

Before the court is Plaintiff PeopleFlo Manufacturing, Inc.'s ("PeopleFlo") motion for leave to take more than 10 depositions. PeopleFlo asks the court to override the presumptive limit set by the Federal Rules of Civil Procedure of 10 depositions per side and instead allow it to take 15 individual depositions and 4 Rule 30(b)(6) organizational depositions. The court finds that it is premature to consider the relief PeopleFlo requests, and denies its motion without prejudice for that and the other reasons that follow:

## Background

This diversity case stems from PeopleFlo's efforts to find a large industry partner that could help bring its novel sealless pump design to market. PeopleFlo negotiated with Defendants Sundyne, LLC ("Sundyne") and its affiliate Accudyne, LLC ("Accudyne"), as well as Defendants DXP Enterprises, Inc. ("DXP") and its subsidiary PumpWorks, LLC ("PumpWorks"), before finally reaching a contract with PumpWorks. This business relationship did not go smoothly. PeopleFlo alleges that PumpWorks failed to uphold its end of the bargain, that DXP and Sundyne sabotaged the deal, and that Accudyne and Sundyne misappropriated trade secrets they collected during their partnership negotiations to develop and market a competing product. On this basis, PeopleFlo brings a variety of claims under Illinois law against Sundyne, Accudyne, DXP, and PumpWorks. In turn, PumpWorks countersues PeopleFlo for violating their agreement by failing to timely deliver working products and return advance payments made for those products.

Fact discovery began in July 2020, and this court in August 2021 urged the parties to take depositions "whenever they wish." (R. 125.) PeopleFlo then asked Defendants in February 2022 to stipulate to PeopleFlo's plan to take up to 19 depositions: 6 individuals associated with DXP and PumpWorks, 9 with Sundyne and Accudyne, and 4 Rule 30(b)(6) corporate depositions—one for each named Defendant. (R. 175, Pl.'s Mot. Ex. 6 at 1.) Later that month, Defendants informed PeopleFlo that they would not agree to PeopleFlo's request to take more than 10

2

depositions. (Id. at Exs. 8-10.) PeopleFlo then filed this motion seeking leave to take the planned 19 depositions. (See generally, R. 175, Pl.'s Mot.) At that time, PeopleFlo had only completed one deposition. (Id. at 2.)

## Legal Standard

Under Rule 30(a), each side of litigation is presumptively limited to 10 depositions, in part to emphasize counsel's "professional obligation to develop a mutual cost-effective [discovery] plan." Fed. R. Civ. P. 30(a)(2) & advisory committee's note to 1993 amendment; *Barrow v. Greenville Ind. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) ("Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay."). Nevertheless, a court "must grant leave" to take more than 10 depositions if doing so would be consistent with Rules 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) requires a court to consider the relevance of the proposed deponents' testimony and whether allowing additional depositions would be "'proportional' to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *LKQ Corp. v. Gen. Motors Co.*, No. 20 CV 2753, 2021 WL 4125097, at *3 (N.D. Ill. Sep. 9, 2021) (citing Fed. R. Civ. P. 26(b)(1)). In turn, Rule 26(b)(2) directs a court to limit discovery if it determines:

(i)     The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)   The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).  To aid the court in balancing these factors, "[t]he party seeking to take additional depositions must make a particularized showing for the need for such depositions." *Farris v. Kohlrus*, No. 17 CV 3279, 2020 WL 10691950, at *3 (C.D. Ill. June 12, 2020).  The court must then consider "'the totality of the circumstances' in deciding whether to authorize the requested depositions," *id.* (citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679, 681 (7th Cir. 2002)). Ultimately, "[c]ourts have broad discretion in matters relating to discovery[.]" *Patterson*, 281 F.3d at 681.

## Analysis

PeopleFlo has failed to demonstrate the need for taking more than 10 depositions at this time.  To be sure, PeopleFlo has provided the court with compelling arguments as to the relevance of each of the 14 additional individuals they hope to depose, (R. 175, Pl.'s Mot. at 7-15), and Defendants do not contest that such individuals may offer relevant testimony, (see R. 193, Accudyne's Resp. at 7-8; R. 195, DXP and PumpWorks's Resp. at 7-8).  However, mere relevance is not enough.  This court must also consider whether the request to take more than 10 depositions is proportional to the needs of the case under Rule 26(b)(1) and whether

granting the request would be consistent with the limitations on discovery imposed by Rule 26(b)(2).

Turning to proportionality, PeopleFlo's motion focuses on two Rule 26(b)(1) factors: "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit."[1] (R. 175, Pl.'s Mot. at 6-7.) As for importance, PeopleFlo would have the court give great significance to the proposed depositions, arguing that all 19 are necessary "to lock in the key witnesses identified by Defendants, and to further support [PeopleFlo's] claims," (id. at 2), as well as that "[t]he testimony of each of the witnesses . . . is critical to resolving the claims and defenses at issue in this case," (id. at 7). In support of this argument, PeopleFlo points to the fact that the target deponents are all current or former employees of Defendants identified in Defendants' Rule 26(a)(1) disclosures as well as other discovery responses, pleadings, and document productions. (Id. at 6.)

PeopleFlo's argument as to importance essentially boils down to describing how much relevant information each proposed deponent has. However, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle[ ] a party to depose each such individual." *Farris*, 2020 WL 10691950, at \*3. And PeopleFlo's implication that it should be allowed to depose all the individuals

---

[1] PeopleFlo also contends in passing that the requested relief is proportional "considering the significant damages sought by PeopleFlo." (R. 175, Pl.'s Mot. at 6.) However, PeopleFlo fails to develop this argument and therefore forfeits it. *See, e.g., John K. MacIver Inst. for Pub. Policy, Inc. v. Evers*, 994 F.3d 602, 614 (7th Cir. 2021) ("A party who does not sufficiently develop an issue or argument forfeits it.")

on its list simply because the Rule 26(a)(1) disclosures identify them "as witnesses who possess relevant information that the Defendants intend to use to support their respective claims or defenses," (R. 175, Pl.'s Mot. at 6 (emphasis omitted)), runs contrary to the clear purpose of Rule 30. The 10-deposition limit would risk becoming dead letter if it could be avoided in every case where more than 10 names appear in Rule 26(a)(1) disclosures, and Rule 30 therefore requires parties to carefully prioritize before seeking leave to take more than 10 depositions. *See Newell v. State of Wisc. Teamsters Joint Council No. 39*, No. 05 CV 552, 2007 WL 3166757, at *1 (E.D. Wisc. Oct. 25, 2007) (warning against allowing parties to "circumvent the cap by taking ten depositions of questionable relevance first and leav[ing] the most crucial depositions for the end, confident in the belief that leave of the court shall not be denied."). As PeopleFlo has completed only one deposition, the court sees little evidence of such careful prioritization here.

Furthermore, PeopleFlo has not provided the court enough information for it to conclude that "[t]he testimony of each of the witnesses . . . is critical to resolving the claims and defenses at issue in this case." (R. 175, Pl.'s Mot. at 7). PeopleFlo offers no discussion of the Rule 30(b)(6) depositions it seeks, their importance, or how they may impact the importance of the individual depositions. And although PeopleFlo's descriptions of the 14 target deponents leave little doubt that they can testify to a great deal of relevant information, (see id. at 7-15), PeopleFlo has not taken the next step to explain why that relevant testimony is "critical" to resolving the claims and defenses in this case. What new information could the depositions

6

provide, and how would that information help resolve the issues? Why are 10 depositions insufficient to produce that valuable testimony? Or put differently, what would be lost if PeopleFlo must abide by the 10-deposition limit? The court has difficulty weighing the importance of allowing additional depositions absent such analysis placing that request in context.

Second, the expense of the proposed discovery outweighs its likely benefit. PeopleFlo contends that many of the proposed individual depositions will be shorter than the seven-hour limit imposed by Rule 30, thereby decreasing the burden on Defendants. *See* Fed. R. Civ. P. 30(d)(1); (R. 175, Pl.'s Mot. at 6-15.) But this argument carries little weight. Although 15 individual depositions shorter than seven hours are somewhat less burdensome than 15 seven-hour depositions, most of the costs associated with depositions—for example, ensuring the presence of the witness at the appointed time or preparing the witness to give deposition testimony—are not tied to their length, but rather to the fact that the deposition is taking place in the first place. Furthermore, the question this court must answer is not whether 15 short depositions is less burdensome than 15 long depositions, but whether the benefits of each deposition beyond 10 outweigh the costs. *See* Fed. R. Civ. P. 26(b)(1). PeopleFlo simply fails to grapple with that issue.

Instead, PeopleFlo frames its motion around the aggregate total benefit of taking 19 depositions rather than the marginal benefit of each deposition beyond the 10th. (R. 175, Pl.'s Mot. at 6.) As a result, the actual benefit accruing to PeopleFlo from taking more than 10 depositions is speculative at best. And there

are good reasons to think that any such benefits may be small. Sundyne, for example, argues that the "tremendous overlap" between the anticipated testimony of Colin Guppy, Keith Thompson, Greg Hebert, and David Gill would make taking depositions of all four duplicative. (R. 194, Sundyne's Resp. at 3-4.) Furthermore, the Rule 30(b)(6) organizational depositions may further reduce the need for deposing each individual on PeopleFlo's list. Because organizational depositions allow PeopleFlo to question the Defendants as corporate entities without first identifying particular employees or officers with personal knowledge of the information sought, such depositions may make deposing other individuals on PeopleFlo's list unnecessary. *See* Fed. R. Civ. P. 30(b)(6).

It is therefore quite plausible to this court that once PeopleFlo begins taking depositions in earnest, it will find that it needs far fewer than the 19 now sought. Such an outcome appears plausible to PeopleFlo as well, as it requests "leave to take *up to* fifteen fact witness depositions [plus the four Rule 30(b)(6) depositions]." (R. 175, Pl.'s Mot. at 15 (emphasis added).) Against these uncertain benefits, planning for 19 depositions instead of 10 has concrete and reasonably knowable costs in time, money, and effort for Defendants. The court therefore cannot conclude that the benefits of PeopleFlo's request outweigh the corresponding burden and expense. Granting PeopleFlo leave to take up to 19 depositions is not proportional to the needs of the case at this time.

Finally, PeopleFlo's motion cannot get past Rule 26(b)(2)'s requirement—at least not now—that the court limit discovery that is "unreasonably cumulative or

duplicative, or [that] can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). As discussed, the court has concerns that taking 19 depositions in this case would result in cumulative or duplicative testimony, and that it is reasonable at this stage to think PeopleFlo may be able to achieve the same goals with fewer depositions. In other words, PeopleFlo has failed to demonstrate why abiding by the 10-deposition limit is not the more convenient, less burdensome, and less expensive option in this case. The court therefore declines to depart from Rule 30's 10-deposition limit at this time.

In short, PeopleFlo's motion is premature. PeopleFlo cannot make the showing it needs to convince the court to permit additional depositions because it has completed only one. No one knows what exactly will result from the next nine depositions—or even, it would appear, who from its list PeopleFlo will select as its next nine deponents. As a result, PeopleFlo is forced to speculate as to the importance and value of going beyond the 10-deposition limit, and such speculation cannot support its arguments in light of Rule 26(b)'s emphasis on proportionality and minimizing expense. Although Rule 30 contains no exhaustion requirement, courts often refuse to expand upon the 10-deposition limit while a party still has depositions available to it precisely because it is difficult to establish necessity for such a departure when opportunities to take depositions without leave of court remain. *See Nordock, Inc. v. Systems, Inc.*, No. 11 CV 118, 2018 WL 1135653, at *2 (E.D. Wis. Feb. 28, 2018) (declining to permit additional discovery where the

requesting party "still has two depositions . . . unused," but allowing the party to seek relief in the future "[i]f the allotted discovery proves insufficient . . . [and it can] support its motion with a particularized showing."). PeopleFlo should proceed with its allotted depositions, prioritizing individual and organizational depositions as it sees fit to stay within its deposition budget. If these depositions prove insufficient to meet the needs of the case, PeopleFlo may renew its motion by including a "particularized showing" as to its need for taking more. *Farris*, 2020 WL 10691950, at *3.

## Conclusion

For the foregoing reasons, Plaintiff's motion for leave to take more than 10 depositions is denied without prejudice.

**ENTER:**

Young B. Li

**Young B. Kim**
**United States Magistrate Judge**