UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLEFLO MANUFACTURING, INC., | ) ) ) | No. 20 CV 3642 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Magistrate Judge Young B. Kim |
| SUNDYNE, LLC, ACCUDYNE INDUSTRIES LLC, DXP ENTERPRISES, INC., and PUMPWORKS, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| PUMPWORKS, LLC, | ) ) | |
| Counter-Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| PEOPLEFLO MANUFACTURING, INC., | ) ) ) ) | May 9, 2022 |
| Counter-Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Before the court are Defendants Sundyne, LLC's ("Sundyne") and PumpWorks, LLC's ("PumpWorks") motions for sanctions against Plaintiff PeopleFlo Manufacturing, Inc ("PeopleFlo") under Federal Rule of Civil Procedure 37(b)(2)(A). (See R. 184, Sundyne's Mot.; R. 188, PumpWorks's Mot.) Through its motion Sundyne seeks entry of an order dismissing PeopleFlo's claims for breach of a non-disclosure agreement and misappropriation of trade secrets (Counts IV and V). In the alternative, Sundyne asks the court to appoint a Special

Master to determine whether PeopleFlo's allegedly protected information qualifies as a trade secret and, if so, whether Sundyne misappropriated that information.

PumpWorks similarly asks the court to strike from the amended complaint PeopleFlo's allegations relating to misappropriation of trade secrets. Although PeopleFlo does not directly charge PumpWorks with a trade secret misappropriation claim, PumpWorks asserts that PeopleFlo "backdoors" trade secret allegations against PumpWorks through its breach of contract claim. PumpWorks also alleges that PeopleFlo seeks damages for PumpWorks's supposed conspiracy to cover up trade secret misappropriation. For the following reasons, the motions are denied:

## Procedural History

This diversity case stems from PeopleFlo's efforts to find a large industry partner that could help bring its novel sealless pump design to market. PeopleFlo negotiated with Sundyne and its affiliate Accudyne, LLC ("Accudyne"), as well as DXP Enterprises, Inc. ("DXP") and its subsidiary PumpWorks, before finally reaching a deal with PumpWorks. This business relationship did not go smoothly. PeopleFlo alleges that PumpWorks failed to uphold its end of the bargain, that DXP and Sundyne sabotaged the deal, and that Accudyne and Sundyne used PeopleFlo's trade secrets collected during negotiations to develop and market a competing product. PeopleFlo brings a variety of claims against Defendants under Illinois law stemming from these allegations. In turn, PumpWorks countersues PeopleFlo,

2

alleging that PeopleFlo breached their agreement by failing to timely deliver working products and return advance payments made for those products.

Fact discovery in this case began in July 2020. (R. 125.) In September 2020, Sundyne served its first set of interrogatories to PeopleFlo, asking it in part to:

> 9. Identify all products manufactured or sold by Sundyne that misappropriate any aspect of PeopleFlo's technology, and for each such product, identify: (a) the product name; (b) what aspect or feature of the product that PeopleFlo contends that Sundyne misappropriated; and (c) whether, to PeopleFlo's knowledge, the design feature or technology existed prior to the date that PeopleFlo first used it, and if so, where said technology was used.

(R. 184, Sundyne's Mot. Ex. 2 at 10.) PeopleFlo responded a month later, and Sundyne challenged the lack of specificity in its response. (See id. at 2.) Thereafter, PeopleFlo twice supplemented its answer to Interrogatory ("INT") No. 9. However, the first supplemental response did not address INT No. 9(b) or 9(c) and only identified "categories" of information misappropriated, rather than the actual trade secret information that Sundyne allegedly stole, and the second failed to address INT No. 9(c). (See R. 170.) In December 2021 Sundyne moved to compel PeopleFlo to provide more details to its answer. (R. 139, Sundyne's Mot. to Compel.)

The court granted Sundyne's motion to the extent Sundyne sought the supplementation of PeopleFlo's response to INT No. 9(c) and denied it to the extent Sundyne sought information not requested in INT No. 9. (R. 170.) The court also cautioned PeopleFlo that it would "be barred from using or relying on any responsive technical information it fails to disclose" and that "[a]s such, a detailed narrative answer, combined with the identification of documents reflecting such

3

information, is crucial." (Id.) In February 2022 PeopleFlo supplemented its response to INT No. 9(c). (R. 184, Sundyne's Mot. Ex. 4.) But Sundyne contends that PeopleFlo failed "to conduct a good faith investigation to determine whether its claimed 'confidential information,' was actually known to third persons" before PeopleFlo used that technology. (Id. at 4-5.) Sundyne asks the court to sanction PeopleFlo for failing to comply with the court's order by dismissing certain claims. (Id.)

For its part, PumpWorks served PeopleFlo with its first set of interrogatories in June 2021, asking it in part to:

> 16. Identify all trade secrets you claim have been misappropriated by Sundyne or Accudyne with sufficient particularity to distinguish such trade secret from public domain information and information disclosed in one or more of the published patent applications filed by you or on your behalf that were or could have been observed by Jim Hook when he visited PeopleFlo or Sundyne.

(R. 189, PumpWorks's Mem. at 2-3.) PumpWorks claims that PeopleFlo did not identify any trade secrets in response to INT No. 16. (Id. at 3 (citing PeopleFlo's supplemental answer to INT No. 16).) As a result, in December 2021 PumpWorks moved to compel PeopleFlo to supplement its response. (R. 144, Def. PumpWorks's Mot. to Compel.)

The court granted PumpWorks's motion to compel as to INT No. 16, finding that although PeopleFlo argued it could not answer the interrogatory, allegations in its amended complaint suggested otherwise. (R. 168 at 6-7.) Specifically, while PeopleFlo conceded it was not present during a June 2019 visit to Sundyne's plant by Jim Hook, a DXP regional vice president, PeopleFlo alleges in its amended

4

complaint that PumpWorks observed PeopleFlo's "concept, confidential information and trade secrets" during that visit. (Id. (citing R. 77, Amend. Compl. at 16).) In light of this allegation, the court ordered PeopleFlo to "provide a narrative answer to No. 16 and detail the trade secrets PumpWorks was able to observe Sundyne using as of June 2019, answer 'unknown,' or withdraw the allegation." (Id. at 7.) The court further ordered PeopleFlo to "explain whether any of the trade secrets identified in answer to No. 16 have ever been disclosed in connection with any patent prosecutions." (Id.)

In response to the court's order, PeopleFlo supplemented its answer to INT No. 16 by stating that its knowledge of PumpWorks's alleged conspiracy was based on information DXP and PumpWorks representatives communicated to PeopleFlo after Hook's visit. (R. 189, PumpWorks's Mem. at 3-4.) PumpWorks asserts that PeopleFlo's response violates the court's order because it does not provide a narrative answer and is "indecipherably vague" or "simply parrot[s]" information that is publicly available. (Id. at 4.) PumpWorks further contends that PeopleFlo "referenc[ed] 52 documents containing 481 pages without providing any pinpoint citations to distinguish which of these materials" constitute its trade secrets and which, "if any, disclose . . . material comprising unprotectable third party content or public domain materials." (Id. at 8.) PumpWorks thus asks the court to sanction PeopleFlo by striking all trade secret claims and allegations related to misappropriation of trade secrets by PumpWorks from the amended complaint.

5

## Analysis

PeopleFlo brings its misappropriation of trade secrets claim pursuant to the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1. (R. 77, Amended Compl. ¶¶ 182-88.) ITSA requires a plaintiff to establish that: "(1) the information at issue was a trade secret; (2) . . . it was misappropriated; and (3) it was actually used in the defendant's business." *In re Adegoke*, 632 B.R. 154, 165 & n.8 (Bankr. N.D. Ill. 2021). A trade secret is defined under ITSA as "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers." 765 ILCS 1065/2(d). To prevail on a trade secret claim, a plaintiff must "identify specific trade secrets subject to protection." *Vendavo, Inc. v. Long*, 397 F. Supp. 3d 1115, 1130 (N.D. Ill. 2019). It is not enough for a plaintiff to assert that "general categories of information are trade secrets." *Id.* (stating that "lack of specificity greatly reduces [a plaintiff's] chances of demonstrating that a defendant has misappropriated its trade secrets"). Furthermore, a plaintiff must show that the information sought to be protected is not "generally known or understood within an industry" or to the public and that the plaintiff "has taken 'affirmative measures' to prevent others from using the information." *Adegoke*, 632 B.R. at 166 (citing *Gen. Elec. Co. v. Uptake Techs., Inc.*, 394 F. Supp. 3d 815, 831 (N.D. Ill. 2019)).

As explained, Sundyne and PumpWorks move for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) based on PeopleFlo's alleged failure to comply

6

with discovery orders requiring it to identify its trade secrets and disclose whether any part of the protected information is publicly available. Rule 37(b)(2)(A) allows a court to enter "just orders" for failing to obey a discovery order, including prohibiting that party from "supporting or opposing designated claims or defenses," striking or staying proceedings, dismissing the action, and entering a default judgment. A court also has "inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Under the latter authority, sanctions are justified only "if the offender willfully abuses the judicial process or litigates in bad faith." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). Where sanctions are appropriate, the court must ensure they are proportional to the circumstances. *Id.*; *see also Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021).

Sundyne and PumpWorks contend that PeopleFlo has failed to comply with discovery orders and impeded discovery regarding its asserted trade secrets, thereby stymying their ability to defend against such allegations. (R. 184, Sundyne's Mot.; R. 189, PumpWorks's Mem.) Sundyne and PumpWorks also submit evidence in the public domain that they say precludes them from understanding what "concrete secrets" PeopleFlo accuses them of misappropriating. (R. 189, PumpWorks's Mem. at 6, 9-18; see also R. 184, Sundyne's Mot. at 6-12.) Based on PeopleFlo's alleged misconduct, Sundyne and PumpWorks ask the court to

sanction PeopleFlo by dismissing or striking PeopleFlo's claim for or allegations relating to breach of a non-disclosure agreement and misappropriation of trade secrets (Counts IV and V) or, in the alternative, the appointment of a Special Master.

PeopleFlo responds that it has answered Sundyne's INT No. 9(c) and PumpWorks's INT No. 16 as ordered by the court and, as such, the current motions should be denied. (R. 202, Pl.'s Resp. at 1; R. 208, Pl.'s Resp. at 1-2.) PeopleFlo also argues that Sundyne and PumpWorks are using their sanctions motion to dismiss claims in lieu of filing a motion for summary judgment, which PeopleFlo says is a non-starter because of genuine issues of material fact.[1] (R. 202, Pl.'s Resp. at 1; R. 208, Pl.'s Resp. at 3-4.)

The court agrees with PeopleFlo that sanctions are not warranted here, at least not at this juncture. In trade secret cases "parties often clash, and courts disagree" about when and to what extent trade secrets must be identified. Joseph Loy, Kirkland & Ellis, *Trade Secret Rulings May Guide on Disclosure in Litigation*, May 14, 2020, https://www.kirkland.com/publications/article/2020/05/trade-secret-rulings-guide-disclosure-litigation (last visited May 9, 2022). A plaintiff may attempt to delay articulating with particularity its trade secrets to avoid limiting the scope of its claim, while a defendant may seek an early, detailed identification to pinpoint the trade secret information being asserted. *Id.* Given the parties'

---

[1] PeopleFlo further argues that PumpWorks lacks standing to bring the current motion because PeopleFlo did not charge PumpWorks with misappropriating PeopleFlo's trade secrets. (R. 208, Pl.'s Resp. at 2.) Because the court denies the current motions on other grounds, it declines to also address this argument.

8

divergent interests, determining whether a plaintiff has satisfied its burden of adequately disclosing its trade secrets can be "particularly fact-intensive." *Id.*

The parties here are engaged in this clash, and through written discovery and motions to compel, Sundyne and PumpWorks have sought, and pursuant to court orders received, supplemental responses from PeopleFlo with more specificity regarding the subject trade secrets. (See R. 168; R. 170; R. 184, Sundyne's Mot. Ex. 4; R. 189, PumpWorks's Mem. Ex.3 at 3-5.) While Sundyne and PumpWorks are not satisfied with the responses secured, they have not demonstrated that PeopleFlo disobeyed any court orders in violation of Rule 37(b)(2)(A). Nor have they established that the court's admonition—that PeopleFlo would "be barred from using or relying on any responsive technical information it fails to disclose," (R. 170)—is insufficient to protect Sundyne and PumpWorks from defending themselves against what they perceive to be poorly identified trade secrets.

As PeopleFlo points out, Sundyne and PumpWorks do not deny that PeopleFlo responded to written discovery as ordered by the court. (R. 202, Pl.'s Resp. at 12.) They instead argue that the responses provided are unclear or can be rejected based on information publicly available. Through the current motions, Sundyne and PumpWorks seek to prove that the trade secrets PeopleFlo identified are not protectible, providing detailed analysis of public sources for support. (R. 186, Sundyne's Mot. at 6-12 (sealed); R. 192, PumpWorks's Mem. at 9-18 (sealed).) PeopleFlo responds with its own detailed description of what it asserts are its protectible trade secrets. (R. 203, Pl.'s Resp. at 15-27 (sealed).) But a

9

sanctions motion is not the proper vehicle to resolve the substantive merits of the case—including what information, if any, relating to PeopleFlo's asserted trade secrets is protectible. *See M.H. Eby, Inc. v. Timpte Indus., Inc.*, No. 19-386, 2019 WL 6910153, at *8 (E.D. Pa. 2019) (declining to address whether alleged "know-how" qualified as trade secret because to rule on such issues "at an early stage . . . would require the court to wade into the substantive merits of the parties' dispute"). This case is still in the fact discovery stage, and key depositions on these issues have not yet occurred. Thus, it would be premature—and inappropriate in response to requests for sanctions—to wade into the merits as to the protectability of the asserted trade secrets. *See id.*

Moreover, Sundyne and PumpWorks fail to establish that any sanction—let alone the severe sanction of dismissal of the trade secrets claim and related allegations—is warranted at this time.[2] In *TNS Media Research, LLC v. Tivo Research & Analytics, Inc.*, the Federal Circuit rejected a request for a similar sanction where the plaintiff, in describing its trade secrets, "merely listed several hundred documents, without explaining how these documents demonstrated the existence of trade secrets." 629 Fed. Appx. 916, 928 (Fed. Cir. 2015). The Federal Circuit reasoned that it found "no indication that [the plaintiff] purposefully shirked its discovery obligations" or violated any court order in waiting until after discovery

---

[2] As PeopleFlo points out, Sundyne has not provided legal authority or other support for its alternative sanction request for the appointment of a Special Master. (R. 203, Pl.'s Resp. at 28.) Regardless, because Sundyne has not shown that PeopleFlo violated a discovery order, the court denies the request to appoint a Special Master.

to narrow the description of its asserted trade secrets, and that even if it had, other sanctions would have sufficed, such as "preclusion of omitted information" not supplemented in a timely manner pursuant to Federal Rule of Civil Procedure 26(e). *Id.* at 929-30; *see also Nationwide Sales & Servs., Inc. v. Envirocare Techs. Int'l, Ltd.*, No. 16-6617, 2018 WL 2436969, at *7 (E.D.N.Y. May 30, 2018) (citing *TNS* and noting need to "exercise . . . caution before . . . impos[ing] the extreme sanction of dismissal based on a failure to adequately identify trade secrets").

As in *TNS*, neither Sundyne nor PumpWorks has established that PeopleFlo disobeyed a discovery order. *See Lynchval Sys., Inc. v. Chi. Consulting Actuaries, Inc.*, No. 95 CV 1490, 1996 WL 735586, at *7 (N.D. Ill. Dec. 19, 1996) ("Rule 37(b)(2) only authorizes a court to impose a sanction if the party fails to comply with a discovery order."). Sundyne and PumpWorks may not like PeopleFlo's answers, but they did receive them. They also have not shown that "preclusion of omitted information" is an insufficient remedy for untimely supplementation of PeopleFlo's trade secrets. *TNS*, 629 Fed. Appx. at 929-30. Nonetheless, because PumpWorks alleges in its motion that PeopleFlo has now produced so much information that it cannot determine what actually constitutes PeopleFlo's trade secrets, (R. 189, PumpWorks's Mem. at 8), the court expands its admonition to PeopleFlo to make clear that it will be barred from using or relying on any responsive technical information it fails to disclose or identify with reasonable particularity, as required

11

by Rule 26(e). This will be especially true if "such failure results in prejudice to" Sundyne or PumpWorks. *TNS*, 629 Fed. Appx. at 929-30.

## Conclusion

For the foregoing reasons, the motions for sanctions are denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**