**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PEOPLEFLO MANUFACTURING, INC., | ) ) | No. 20 CV 3642 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| SUNDYNE, LLC, ACCUDYNE INDUSTRIES, LLC, DXP ENTERPRISES, INC. and PUMPWORKS, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | October 12, 2022 |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiff PeopleFlo Manufacturing, Inc.'s ("PeopleFlo") omnibus motion for protective order. This memorandum opinion and order addresses PeopleFlo's request to limit Defendants Sundyne, LLC ("Sundyne"), Accudyne Industries, LLC ("Accudyne"), DXP Enterprises, Inc. ("DXP"), and PumpWorks, LLC ("PumpWorks") (collectively, "Defendants") to a total of 10 hours of Federal Rule of Civil Procedure 30(b)(6) deposition time and to eliminate duplicative topics and questioning. For the following reasons, PeopleFlo's motion is granted in part and denied in part:

**Background**

This action arose after PeopleFlo attempted to negotiate with manufacturer Sundyne and its affiliate Accudyne, and separately with distributer DXP and its former subsidiary PumpWorks—with which DXP has since merged (together,

"DXP/PumpWorks")—to help PeopleFlo bring what it considered to be a novel sealless pump design to market. PeopleFlo ultimately signed a contract with PumpWorks for this purpose but alleges that PumpWorks failed to uphold its end of the bargain, DXP and Sundyne sabotaged the deal, and Accudyne and Sundyne stole trade secrets collected during negotiations in order to develop and market a competing product. In this case, PeopleFlo brings claims against: (a) Sundyne and Accudyne for breach of their respective nondisclosure agreements and misappropriation of trade secrets; (2) DXP, PumpWorks, and Sundyne for civil conspiracy; (3) Sundyne and DXP in separate counts for tortious interference with prospective business advantage and tortious interference with contract; and (4) PumpWorks for breach of contract. (R. 79.) In turn, PumpWorks countersues PeopleFlo for breach of contract. (R. 115.)

The current dispute is just one of several that has riddled the discovery phase of this case and concerns the length of time PeopleFlo President and Rule 30(b)(6) designee William Blankemeier must sit for his corporate deposition. PeopleFlo argues that Defendants should be limited to a combined examination time of 10 hours, pointing to (among other things) certain language in Rule 30(d)(1) and the fact that DXP/PumpWorks has already deposed Blankemeier in his individual capacity for 7 hours. PeopleFlo proposes that the court allocate the first 7 of those 10 hours of examination time to Sundyne, with "some additional time for Accudyne to address any non-duplicative items specific to its defense." (R. 236, Pl.'s Mot. at 2-3.) PeopleFlo does not suggest a specific amount of examination time for DXP/PumpWorks. But given the time it proposes for the other Defendants and its

2

complaint that DXP/PumpWorks already deposed Blankemeier in his individual capacity, (id.), the answer is clear enough—not much. For their part, DXP/PumpWorks and Accudyne argue that each Defendant—including DXP and PumpWorks separately—should be permitted up to 7 hours with Blankemeier, pointing to other aspects of Rule 30(d)(1), advisory committee notes, and case law for support.[1] (See generally R. 243, DXP/PumpWorks Resp. and R. 247, Accudyne Resp.)

### Analysis

The Federal Rules of Civil Procedure allow any party to request the deposition of an individual under Rule 30(b)(1) or a corporation through its representative under Rule 30(b)(6). Generally, individual depositions serve different purposes than corporate depositions, but in either case the Rules provide that:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1).

This court has broad discretion under Rule 26 to decide whether and to what degree a protective order limiting Defendants' 30(b)(6) deposition time is appropriate. *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 206 (N.D. Ill. 2013); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("District courts have broad discretion in matters relating to discovery."). However, the party seeking

---

[1] Sundyne did not oppose PeopleFlo's motion, presumably because PeopleFlo proposes granting it 7 hours of deposition time.

the order must demonstrate good cause for it to issue. *See* Fed. R. Civ. P. 26(c)(1) (providing that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (noting that "the burden to show good cause is on the party seeking the protective order"). Courts consider "the totality of the circumstances" in determining whether good cause exists, weighing "the value of the material sought against the burden of providing it." *Pyour BV v. Ingredion Inc.*, No. 15 CV 8690, 2018 WL 11219969, at *1 (N.D. Ill. March 14, 2018); *Patterson*, 281 F.3d at 681.

In support of its position that Blankemeier's Rule 30(b)(6) deposition should be limited to a total of 10 hours of examination across all Defendants, PeopleFlo first points to the facts that he already sat for a 7-hour deposition in his individual capacity and PeopleFlo is a closely held corporation. Courts recognize that it may be difficult to isolate a deponent's individual versus corporate testimony, and harder still when the deponent is the sole owner of the corporate entity or an officer of a closely held corporation. *See Commodity Futures Trading Comm'n v. Midland Rare Coin Exch., Inc.*, No. 97-7422-CIV, 1999 WL 35148749, at *4-5 (S.D. Fla. July 30, 1999) (recognizing "gray areas as to what constitutes [a deponent]'s corporate capacity and what constitutes his individual capacity" where he is the sole owner and one of two officers). But that difficulty does not foreclose the possibility of both depositions. To be sure, "[a] prohibition against taking an oral deposition is a very unusual procedure," and a party seeking such a prohibition "bears a heavy burden." *Stanek*

4

*v. St. Charles Comm. Unit Sch. Dist. #303*, No. 13 CV 3106, 2020 WL 1304828, at *3 (N.D. Ill. March 19, 2020) (quoting *Armstrong v. MGC Mortg., Inc.*, No. 1:09-CV-00131, 2010 WL 3835703, at *2 (N.D. W. Va. Sept. 28, 2010)). PeopleFlo has not met that burden here.

Indeed, "the mere fact that the principal of a corporation has been deposed is not an automatic substitute for a [Rule] 30(b)(6) deposition," *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97CIV4978, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002), which "probes the knowledge of the entity and not the personal knowledge of the individual testifying," and typically is "subject to its own independent seven-hour limit," *Sabre v. First Dominion Cap., LLC*, No. 01 CIV 2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). As such, courts generally will not prevent or limit the Rule 30(b)(6) deposition of a designee already deposed in his individual capacity absent special circumstances, including when the corporate defendant adopts the individual deposition testimony as its own or when the witness was "properly prepared" for his individual capacity deposition and the 30(b)(6) deposition is "limited, or substantially limited" to the same topics. *A.I.A. Holdings, S.A.*, 2002 WL 1041356, at *3. The court still must exercise caution, however, because "[e]ven if the general topics to be addressed at the [Rule] 30(b)(6) deposition overlap with . . . [the deponent's] individual capacity [deposition] to some extent, the specific questions asked and the answers given might not." *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198, 2010 WL 11459800, at *2 (C.D. Cal. Aug. 23, 2010).

This court sees no reason for different rules in the context of a closely held corporation and finds persuasive those cases in accord. *See, e.g.*, *Commodity Futures*, 1999 WL 35148749, at *4 (allowing individual and corporate capacity depositions of defendant entity's sole owner for maximum number of hours permitted and reasoning that holding otherwise would "thwart[ ] the broad discovery scope of Rule 26"); *see also Sw. Bell. Tel., L.P. v. UTEX Commc'ns Corp.*, No. A-07-CV-435 RP, 2009 WL 8541000, at *3 (W.D. Tex. Sept. 30, 2009) (requiring corporate representative of small, closely held corporation to sit for depositions in individual and representative capacities without limiting presumptive time for either). PeopleFlo does not cite any authority that requires or persuades the court to adopt a different standard. Nor has it adopted Blankemeier's individual testimony as its own or demonstrated with particularity any overlap between that testimony and its anticipated Rule 30(b)(6) deposition testimony.[2] The court will not restrict Blankemeier's Rule 30(b)(6) deposition time on this basis.

Next, PeopleFlo points to Rule 30(d)(1) to assert that Defendants "must complete [Blankemeier's Rule 30(b)(6)] deposition in a total of seven hours across all Defendants." (R. 235, Pl.'s Mot. 4.) But Rule 30 "does not cap depositions categorically at seven hours." *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 521 (7th Cir. 2008). To the contrary, it specifies that the 7-hour limit

---

[2] DXP/PumpWorks also points out various aspects of Blankemeier's individual deposition testimony to demonstrate that he was ill-prepared at that point to answer questions on PeopleFlo's behalf. (R. 243, DXP/PumpWorks Resp. at 6.)

6

applies "unless otherwise authorized by the court," and directs that "the court must allow additional time . . . to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). The advisory committee notes set forth a list of non-exclusive factors courts should consider in determining whether additional time is warranted, including in the case of multi-party litigation, where the deposition testimony "cover[s] events occurring over a long period of time," and when the witness "will be questioned about numerous or lengthy documents."[3] Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. Courts also consider the number and complexity of claims—both from a legal and factual standpoint. *See Big Baboon Corp.*, 2010 WL 11459800, at *2 (allowing additional deposition time "[i]n light of the quantity and complexity of

---

[3] The full text of the relevant advisory committee note reads:

Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, [1] if the witness needs an interpreter, that may prolong the examination. If the examination will [2] cover events occurring over a long period of time, that may justify allowing additional time. [3] In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. [4] If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred. [5] In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, [6] should the lawyer for the witness want to examine the witness, that may require additional time. Finally, [7] with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies.

Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment.

Plaintiff's claims and the number of individual Defendants"); *see also Canal Barge Co. v. ComEd*, No. 98 CV 0509, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001) (extending single defendant three 7-hour days of Rule 30(b)(6) examination time because of "factual complexity" of the case and "numerous" documents for examination).

Additional time is warranted here, as PeopleFlo concedes. To be sure, this is a multi-party lawsuit spanning hundreds of paragraphs, eight claims, and several years. (See generally R. 77, First Amend. Compl.) The case concerns extensive negotiations, lengthy contracts and alleged trade secrets, millions of dollars, and two sets of defendants—indeed, it could have been filed as two separate lawsuits. And while PeopleFlo elected to file a single case and designate a single Rule 30(b)(6) witness as was its right,[4] the breadth of claims and differing interests between and among Defendants justify allowing additional time to depose that witness.

The length and apportionment of that time is the more difficult question. It would be both tempting and permissible to allow each Defendant its own 7-hour examination of Blankemeier. *See Calobrace v. Am. Nat. Can Co.*, No. 93 CV 0999, 1995 WL 51575, at *1 (N.D. Ill. Feb. 6, 1995) (noting that courts have "almost unlimited discretion in determining the number of depositions, the limits of a deposition, or whether additional depositions will be allowed"); *see also Marshall v.*

---

[4] Had PeopleFlo elected to designate more than one Rule 30(b)(6) witness, each such witness automatically would have been subject to up to 7 hours of questioning. *See* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").

*GE Marshall, Inc.*, No. 2:09 cv 198, 2012 WL 405714, *1 (N.D. Ind. Feb. 8, 2012) (authorizing three 7-hour days for plaintiff's deposition given "number of claims, parties, and documents"); *Am. Hardware Mfrs. Ass'n. v. Reed Elsevier, Inc.*, No. 03 CV 9421, 2007 WL 4557820, at *2 (N.D. Ill. Dec. 21, 2007) (permitting defendant two 7-hour days to depose plaintiff's current president and CEO and former president and CEO, even though same persons had already been deposed for six and four full days respectively by codefendants). The court is mindful, however, that "in every deposition, the parties must make choices about the subject matter to be covered," and that "almost all depositions will be under-inclusive," even in complex cases. *Am. Hardware Mfrs. Ass'n*, 2007 WL 4557820, at *2 (quoting *In re Sulfuric Acid Antitrust Lit.*, 230 F.R.D. 527, 532 (N.D. Ill. 2005)). Advisory committee notes caution against "duplicative questioning" in multi-party cases and provide that "parties with similar interests should strive to designate one lawyer to question about areas of common interest." Fed. R. Civ. P. 30(d) advisory committee's notes to 2000 amendment. And PeopleFlo rightly complains about the burden and expense that additional Rule 30(b)(6) time would impose. (R. 236, Pl.'s Mot. at 6.)

With these considerations in mind, and because DXP and PumpWorks recently merged, have shared counsel from this case's inception, and previously deposed Blankemeier in his individual capacity, DXP/PumpWorks is hereby restricted to 7 total hours for a Rule 30(b)(6) deposition. Further, while Accudyne and Sundyne are separate entities with separate counsel, they are limited to a total of 10 hours for their Rule 30(b)(6) deposition. The court finds this length adequate to ensure a fair

examination of PeopleFlo given that: (1) the entities are affiliates with similar interests and face related claims; (2) Accudyne has acknowledged that "many of [its] deposition topics overlap" with other defendants' and its examination will not "occupy a full seven hours," (R. 236, Pl.'s Mot., Ex. J); and (3) PeopleFlo has already agreed to 7 hours for Sundyne and "some additional time" for Accudyne, (id. at 2-3). In so ordering, the court directs Defendants to plan their deposition time together and eliminate duplicative questioning, as each has promised to do. The court is not inclined to grant additional examination time.

## Conclusion

For the foregoing reasons, PeopleFlo's motion for a protective order limiting examination of its Rule 30(b)(6) designee to a combined total of 10 hours of non-duplicative questioning across all Defendants is granted in part and denied in part. DXP/PumpWorks is limited to 7 hours of deposition examination and Sundyne and Accudyne together are limited to 10 hours.

                                                             **ENTER:**

                                                         **Young B. Kim**
                                                         **United States Magistrate Judge**