IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PEOPLEFLO MANUFACTURING, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SUNDYNE, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC,**<br><br>**Defendants,** | Case No. 1: 20-CV-03642<br><br>Honorable Manish S. Shah<br><br>Magistrate Judge Young B. Kim |
| **PUMPWORKS, LLC,**<br><br>**Counter-Plaintiff,**<br><br>v.<br><br>**PEOPLEFLO MANUFACTURING, INC.,**<br><br>**Counter-Defendant.** | |

## STATUS REPORT BY DXP AND PUMPWORKS

Defendant DXP Enterprises Inc., ("DXP") and Defendant/Counter-Plaintiff PumpWorks LLC ("PumpWorks") file a separate status statement because the draft circulated by Plaintiff/Counter-Defendant PeopleFlo Manufacturing, Inc. ("PeopleFlo") contains statements and a proposed schedule with which they are unable to agree.

**Status as to Defendant DXP**

The Court's Memorandum and Opinion Order ("Summary Judgment Opinion") granting the motion of DXP for summary judgement against Plaintiff PeopleFlo was entered on March 22, 2024. (ECF #405) In open court on March 31, 2025, the Court denied PeopleFlo's motion to reconsider the Summary Judgment Opinion. DXP, therefore, requests that the Court enter final judgement in its favor on all claims brought by PeopleFlo against DXP thereby dismissing DXP

from further proceedings in this matter. DXP would then file its request for costs as a prevailing party.

**Status as to Defendant/Counter-Plaintiff PumpWorks**

The Summary Judgment Opinion denied PeopleFlo's motion for partial summary judgment against PumpWorks. The Summary Judgment Opinion granted PumpWorks' motion for summary judgment against PeopleFlo as to liability, but denied the motion as to damages, stating at page 76: "PumpWorks must decide whether it wants to pursue its claim for money damages or its claim that it is entitled to injunctive relief under the DSA [the Development and Supply Agreement of March 22,2018]." PumpWorks has elected to pursue money damages based on the difference between the amount of money it paid to PeopleFlo and the value of the goods it received. PumpWorks furnished the accounting and backup for its assertion that it is owed $690,203.90 as an exhibit to its summary judgment motion (ECF #356-3). In a draft of a proposed status circulated this morning, PeopleFlo agrees that PumpWorks' damage claims are not the subject of expert testimony and can be handled by other means. Thus, some progress appears to have been made.

PeopleFlo, however, has not engaged in any substantive discussions about damages. In April of 2024, PumpWorks sent PeopleFlo its damage calculations and cited supporting materials and asked if PeopleFlo agreed with the amount based on its own records. PumpWorks periodically followed up this request on a number of occasions but as of the date of this status, PumpWorks still has received no substantive response. As a result, PumpWorks cannot advise the Court if there is any dispute between the parties, and if so, what type of hearing or submissions would best resolve that dispute.

Despite having PumpWorks' damages analysis for over a year, PeopleFlo is now proposing a lengthy process to review the damage claims. PumpWorks agrees that this issue could likely be resolved if PeopleFlo would state its position or objections to the damage demand, but this matter should take days, not months and proposes the following schedule.

1. PeopleFlo states its objections to the damage calculations provided by PumpWorks on or before May 13, 2025

2. The parties confer on or before May 20, 2025 to exchange further information if necessary or to resolve any disputes.

3. The parties present to the Court their stipulated damage amount or a suggested means for dealing with any remaining disputes by May 27, 2025. Pursuant to the parties' contract, PumpWorks' claims are not subject to a jury trial and can be resolved through any means the Court deems fair and appropriate.

PumpWorks bases its request for a more expedited resolution on the following facts:

1. PumpWorks' damages are simply the accounting of money paid by PumpWorks less the value of goods received from PeopleFlo, all of which are reflected in the parties' own business records.

2. In a document that Mr. Blankemeier (PeopleFlo's President) instructed Clark Shafer (one of PeopleFlo's Vice Presidents and the lead for the PumpWorks project) to prepare and send to PumpWorks around January 3, 2020, PeopleFlo summarized the payments received from PumpWorks and the product PeopleFlo had shipped as of that date. PeopleFlo admits that this spreadsheet accurately details every order and shipment since the beginning of the parties' relationship. The only amounts of PumpWorks final damage calculation not included in this spreadsheet are PumpWorks' payments totaling

$29,950 and its receipt of goods valued at $31,321.50 which occurred after the end date of the Shafer spreadsheet.

3. Any further unnecessary delay will prejudice PumpWorks and may defeat its efforts to execute its judgment because PeopleFlo has been transferring its assets since the filing of the summary judgment papers. Further, based on its recent filings with the Illinois Secretary of State, it has now moved its principal place of business to Mr. Blankemeier's home address.

Finally, in an abundance of caution, not knowing what is in dispute, PumpWorks has identified Stephen Wick, the Controller of DXP as a witness who can speak to the payments PumpWorks made to PeopleFlo.

Dated: April 29, 2025

Respectfully submitted,

By: /s/ Monica L. Thompson

Monica L. Thompson
(mthompson@tottislaw.com)
Keith M. Stolte
(kstolte@tottislaw.com)

**TottisLaw**
401 N Michigan Ave, Suite 530
Chicago, Illinois 60611
(312) 527-1400

*Attorneys for Defendants, DXP Enterprises, Inc. and PumpWorks, LLC*

4