IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PEOPLEFLO MANUFACTURING, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SUNDYNE, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC,** <br><br> **Defendants,** | **Case No. 1: 20-CV-03642** <br><br> **Honorable Manish S. Shah** <br><br> **Magistrate Judge Young B. Kim** |
| **PUMPWORKS, LLC,** <br><br> **Counter-Plaintiff,** <br><br> v. <br><br> **PEOPLEFLO MANUFACTURING, INC.,** <br><br> **Counter-Defendant.** | |

**STATUS REPORT OF PEOPLEFLO MANUFACTURING, INC.**

Plaintiff/Counter-Defendant, PeopleFlo Manufacturing, Inc. ("PeopleFlo"), by and through its counsel, submit the following Status Report:

1. In accord with Dkt.# 443 and #449, PeopleFlo reports the following.

2. Counsel for PumpWorks and PeopleFlo have conferred and concur that expert testimony is not necessary relating to PumpWorks' claim against PeopleFlo.

3. This past Friday (April 25, 2025), PumpWorks' counsel identified additional documents for consideration relating to its claimed remedy against PeopleFlo. PeopleFlo and its counsel are reviewing these materials, along with other materials from 2017-2020, to determine whether a stipulation can be reached relating to PumpWorks' claimed remedy, and will continue to confer with PumpWorks' counsel in that regard. To allow a short amount of time for its

continuing review of historic or newly identified materials, PeopleFlo proposed the following – that if no stipulation is reached between PeopleFlo and PumpWorks:

    a. PeopleFlo proposes that it shall serve a written statement identifying any areas of disagreement with PumpWorks' requested remedy on or before May 23, 2025.

    b. PumpWorks shall serve a written statement of any remaining areas of disagreement on or before June 13, 2025.

    c. To the extent that a stipulation is reached, PeopleFlo proposes that PeopleFlo and PumpWorks shall file that stipulation on or before June 27, 2025. To the extent that any disagreement remains, PeopleFlo and PumpWorks each shall file a statement with their respective positions on or before June 27, 2025. Following these submissions, PeopleFlo proposes that the Court set a status hearing during either the weeks of July 14 or July 18, 2025.

4. PumpWorks declined to provide any alternative dates to this proposal and contends that minimal time should be needed for PeopleFlo's remaining review. That is not the case, and PumpWorks' other complaints raised earlier today are meritless and unsupported. The invoices and related materials cover multiple years, along with other materials that are being reviewed to assess whether the amounts claimed by PumpWorks are allowed for by the Development and Supply Agreement including based on the quality of materials supplied and other offsets such as inventory that remains at PeopleFlo. PeopleFlo and its counsel also have other conflicts and responsibilities separate from this case (including those noted below). Three weeks to determine if a resolution can be reached is fully reasonable generally and considering that this matter was

dormant for some time (including the fact that PumpWorks did not raise this request for at least nine months while PeopleFlo's motion for reconsideration was briefed and pending).

5. This afternoon, DXP's counsel also proposed language for the first time that requested an immediate final judgement in favor of DXP. PeopleFlo disagreed and noted that DXP's proposal would bifurcate and perhaps trifurcate appellate proceedings in this matter, which is inefficient and inappropriate generally. Moreover, an immediate final judgment further would be inappropriate her considering that the Court's decision as to DXP also was expressly based on its decisions relating to PumpWorks and Sundyne, both of which remain parties to this case. To the extent that DXP seeks an immediate judgment, this issue should be discussed and, if necessary, briefed, and not decided based on DXP's first raising this issue this afternoon.

6. PeopleFlo further expects that DXP has supplemental sales information relating to PeopleFlo's pending claims against Sundyne (the Court will recall that DXP serves as the exclusive sales representative for Sundyne in many territories), which needs to be addressed on an ongoing basis.

7. Thus, PeopleFlo proposed to DXP's counsel (and now proposes to the Court) that the parties hold a status conference with the Court to discuss the most efficient and reasonable way to address DXP's request. PeopleFlo's counsel is traveling next week for two expert depositions (and related prep), an appellate argument, and then a family matter, and is available on May 15 or May 20-22 for a status conference. PeopleFlo's counsel proposed these dates to DXP/PumpWorks' counsel earlier today and received no proposed dates in response.

Dated: April 29, 2025                                     Respectfully submitted,

By: /s/ John T. Ruskusky

John T. Ruskusky
(jtruskusky@nixonpeabody.com)

**Nixon Peabody LLP**
70 West Madison Street, Suite 3500
Chicago, IL 60602
Telephone: (312) 977-4400

*Attorneys for Plaintiff PeopleFlo*
*Manufacturing, Inc.*