# EXHIBIT C

# PEOPLE**FLO**™

10045 Pacific Ave.
Franklin Park, IL 60131
Phone: 847-929-4774
Fax: 847-929-4774
Email: info@peopleflo.com

## MUTUAL NON-DISCLOSURE AGREEMENT

**THIS NON-DISCLOSURE AGREEMENT** (this "Agreement") is entered into as of _10 Feb 12_ ___, by and between PeopleFlo Manufacturing, Inc., an Illinois Corporation ("PeopleFlo"), and the undersigned ("Company").

1. In connection with evaluating a potential business relationship between PeopleFlo and Company (the "Relationship"), each party hereto has requested access to certain information of the other party which is non-public and/or proprietary in nature. In consideration for and as a condition to a party disclosing such information to the requesting party (hereinafter, the party furnishing such information is referred to as the "Disclosing Party," and the party requesting and/or receiving such information is referred to as the "Receiving Party"), Receiving Party agrees to treat any Confidential Information (as defined below) in accordance with the provisions set forth in this Agreement, acknowledging the confidential and proprietary nature of such Confidential Information. As used in this Agreement, the term "Confidential Information" shall include, without limitation, any and all financial, technical, commercial or other information concerning the business and affairs of Disclosing Party, including business plans, financial information, lists of customers, vendors or employees, marketing techniques, strategies and developments, computer software, methods of operation, and all notes, analyses, compilations, studies or other materials derivative of any of the foregoing (including, without limitation, all retrievable information in any computer storage format), or any information which a reasonable person would consider confidential, which has been or may hereafter be provided or shown to Receiving Party or any of its Representatives, irrespective of the form of the communication, by Disclosing Party or by its Representatives, and also includes all notes, analyses, compilations, studies or other material prepared by Receiving Party or its Representatives containing or based on, in whole or in part, any information provided or shown by Disclosing Party or by its Representatives. The term "Representative" means, with respect to a party hereto, any of such party's employees, officers, directors, members, managers, attorneys, accountants, financial or other advisors, lenders, investors or agents. This Agreement constitutes an inducement to each party for ongoing disclosure as contemplated hereunder and conversations regarding the Relationship.

The parties agree that the term "Confidential Information" does not include information which (i) was or becomes generally available to the public other than as a result of a disclosure by Receiving Party or its Representatives, or (ii) was or becomes available to Receiving Party or its Representatives on a non-confidential basis prior to its disclosure to Receiving Party by Disclosing Party or its Representatives, provided that the source of such information is not bound by a confidentiality agreement with Disclosing Party or its Representatives or otherwise prohibited from transmitting the information to Receiving Party or its Representatives by a contractual, legal or fiduciary obligation.

2. Receiving Party may disclose any of the Confidential Information to those of its Representatives who require such material for the purpose of evaluating the Relationship (provided that such Representatives shall be informed by Receiving Party of the confidential nature of the Confidential Information and shall be provided with a copy of this Agreement). Receiving Party agrees that the Confidential Information shall be kept confidential by Receiving Party and its Representatives and, except with the specific prior written consent of Disclosing Party or as expressly otherwise permitted by the terms hereof, shall not be disclosed by Receiving Party or its Representatives. Receiving Party further agrees that Receiving Party and its Representatives shall not use any of the Confidential Information for any reason or purpose other than to evaluate the Relationship and that the Confidential Information shall not be used by Receiving Party and its Representatives in any way detrimental to Disclosing Party. Receiving Party also agrees to be responsible for enforcing the confidentiality of the Confidential

# PEOPLEFLO™

10045 Pacific Ave.
Franklin Park, IL 60131
Phone: 847-929-4774
Fax: 847-929-4774
Email: info@peopleflo.com

Information and Receiving Party agrees to take reasonable action, legal or otherwise, so as to prevent any disclosure of the Confidential Information by any of its Representatives.

3. Without the prior written consent of Disclosing Party, Receiving Party and its Representatives shall not disclose to any person (i) that the Confidential Information has been made available to Receiving Party or that Receiving Party has inspected any portion of the Confidential Information, or (ii) that any discussions or negotiations are taking place concerning the Relationship, including the status or potential terms thereof. The term "person" as used in this Agreement shall be broadly interpreted to include, without limitation, any corporation, limited liability company, partnership, individual or other entity.

4. In the event that Receiving Party or any of its Representatives are requested or become legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to make any disclosure which is prohibited or otherwise constrained by this Agreement, Receiving Party agrees that Receiving Party or such Representative, as the case may be, shall (i) provide Disclosing Party with prompt notice of such request(s) so that Disclosing Party may seek an appropriate protective order or other appropriate remedy and/or waive Receiving Party's or such Representative's compliance with the provisions of this Agreement, and (ii) cooperate with Disclosing Party in its efforts to decline, resist or narrow such requests. In the event that such protective order or other remedy is not obtained and Receiving Party or its Representative are compelled to disclose any of the Confidential Information (i) Receiving Party or such Representative may furnish that portion (and only that portion) of the Confidential Information which, in the written opinion of its counsel, is legally required to be disclosed, (ii) Receiving Party shall give Disclosing Party written notice of the information to be disclosed as far in advance as practicable, and (iii) Receiving Party shall use its reasonable efforts to obtain (or to cooperate with Disclosing Party in its efforts to obtain) an order or other reliable assurance that confidential treatment will be accorded any Confidential Information so disclosed.

5. At any time upon the written request of Disclosing Party, Receiving Party shall promptly deliver to Disclosing Party all documents or other matter (including, without limitation, information stored in digital and other alternative media formats) furnished by Disclosing Party or its Representatives to Receiving Party or its Representatives constituting Confidential Information, together with all copies thereof in the possession of Receiving Party or its Representatives without retaining a copy of any such material. In the event of such request, all other documents or other matter (including, without limitation, information stored in digital and other alternative media formats) constituting Confidential Information in the possession of Receiving Party or its Representatives shall be destroyed, with any such destruction confirmed by Receiving Party in writing to Disclosing Party.

6. The Receiving Party acknowledges that Disclosing Party and its licensors own and will remain the owners of all Intellectual Property Rights in or to the Confidential Information; acknowledges that the Disclosing Party will own all Intellectual Property Rights in all material (including documents, drawings, designs, data, know how, software, databases, processes, inventions and discoveries) created or developed by the Receiving Party or the Receiving Party's Representatives in connection with or in the course of carrying out the relationship (including any modifications or improvements made by the Receiving Party to the Confidential Information.

7. Nothing in this Agreement shall constitute, or imply that there exists, a joint venture, employer/employee or partnership relationship or arrangement between the parties.

8. Receiving Party acknowledges that neither Disclosing Party nor its Representatives makes any representation or warranty (express or implied) as to the accuracy or completeness of the

**PEOPLEFLO**™

10045 Pacific Ave.
Franklin Park, IL 60131
Phone: 847-929-4774
Fax: 847-929-4774
Email: info@peopleflo.com

Confidential Information and that neither Disclosing Party nor its Representatives shall have any liability to Receiving Party or any of its Representatives resulting from the use of the Confidential Information by Receiving Party or such Representatives, except as may be provided for in a definitive agreement for the Relationship. Receiving Party agrees that if Receiving Party determines to make the Relationship, such determination will be based solely on the terms of a definitive agreement for the Relationship and on its own investigation, analysis, and assessment of the Relationship.

9. This Agreement shall govern all communications between the parties until the date on which either party receives notice from the other that subsequent communications shall not be so governed, provided however the obligations to maintain the confidentiality and restrictions on use of the Confidential and Proprietary Information disclosed during the term of this Agreement shall survive for five years after the last disclosure of Confidential and Proprietary Information hereunder, except that the obligations to maintain the confidentiality and restrictions on use of Confidential and Proprietary Information that is a trade secret shall survive until such Confidential and Proprietary Information is no longer a trade secret under applicable law.

10. Each party hereto acknowledges that money damages would be an insufficient remedy for any breach of this Agreement by a Receiving Party or its Representatives and that any such breach would cause a Disclosing Party irreparable harm. Accordingly, each party agrees that in the event of any breach or threatened breach of this Agreement by Receiving Party or its Representatives, Disclosing Party shall be entitled, without the requirement of posting a bond or other security, to equitable relief, including injunctive relief and specific performance. Such remedy shall not be the exclusive remedy for any breach of this Agreement but shall be in addition to all other remedies available at law or equity to the non-breaching party. The prevailing party shall be entitled to recover all costs and expenses, including reasonable attorney's fees, incurred because of any legal action arising from this Agreement.

11. Each party agrees that no failure or delay by a party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

12. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

14. This Agreement shall cover all Confidential Information disclosed before and/or after the date of the Agreement. No amendment or modification of this Agreement shall be valid or binding on the parties hereto unless made in writing and signed by Company and PeopleFlo.

15. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts. All of such counterparts taken together shall constitute but one and the same instrument and shall become effective when one or more counterparts of this Agreement have been signed by each party and delivered to the other party. A copy of an executed counterpart of this Agreement transmitted by any electronic transmission service shall be considered an original executed counterpart.

**[Signatures on following page.]**

# PEOPLEFLO™

10045 Pacific Ave.
Franklin Park, IL 60131
Phone: 847-929-4774
Fax: 847-929-4774
Email: info@peopleflo.com

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

PEOPLEFLO MANUFACTURING, INC.

Name: _[signature]_

Title: President

[Company] Sundyne

Address: 16845 W. 64nd Ave, Arvada, CO 80007

Name: _[signature]_

Title: VP/President

[Signature page to Non-Disclosure Agreement]