# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEOPLEFLO MANUFACTURING, INC., | |
| Plaintiff, | Case No. 1: 20-CV-03642 |
| v. | Honorable Manish S. Shah |
| SUNDYNE, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC, | Magistrate Judge Young B. Kim |
| Defendants. | |

**DEFENDANT SUNDYNE, LLC'S RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, Sundyne, LLC ("Sundyne"), for its Responses to Plaintiff's First Requests for

Production of Documents, states as follows:

1. All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing PeopleFlo.

**RESPONSE: Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any subject matter or temporal limitation, it is not proportional to the issues of this case and it is not reasonably likely to lead to the discovery of admissible evidence. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

2. All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing the Development and Supply Agreement, or the existence of any agreement, contract, or understanding of any kind between PeopleFlo on the one hand and DXP and/or PumpWorks on the other hand.

**RESPONSE: Sundyne objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

3.      All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing the Sealless Pump Technology.

**RESPONSE:  Sundyne objects to PeopleFlo's definition of "Sealless Pump Technology", which is a material term of this Request.  Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation, it is not proportional to the issues of this case and it is not reasonably likely to lead to the discovery of admissible evidence.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

4.      All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing Project Colorado.

**RESPONSE:  Sundyne objects to PeopleFlo's definition of "Project Colorado", which is a material term of this Request.  Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation, it is not proportional to the issues of this case and it is not reasonably likely to lead to the discovery of admissible evidence.  Objecting further, this Request seeks to compel the production of proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

5.      All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing the NDAs, including but not limited to any information or documents of any kind that Sundyne received or was privy to pursuant to the terms of the NDAs.

**RESPONSE:** **Sundyne objects to this Request as seeking documents that not proportional to the issues in this case and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

6. All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing the PWA-SL Product Line.

**RESPONSE:** **Sundyne objects to PeopleFlo' s definition of "PWA-SL Product Line", which is a material term of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation, it is not proportional to the issues of this case and it is not reasonably likely to lead to the discovery of admissible evidence.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

7. All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing the Kontro CSA Range, including but not limited to the design, development, or production of the underlying technology, any associated marketing strategy or concepts, the distribution and sale of the technology or product, and any related profit or revenue forecasting associated with the technology or product.

**RESPONSE: Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. Sundyne objects to this Request as seeking documents that are not proportional to the issues raised in this case and are not reasonably likely to lead to the discovery of admissible evidence. Sundyne's design, development and production of the Kontro CSA Range is not relevant to PeopleFlo's allegations or Sundyne's defenses. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

8. All documents relating to, evidencing, or constituting internal communications between or among Sundyne's officers, directors, mangers, employees, representatives, or agents involving or discussing Sundyne's efforts to evaluate, purchase, research, design, develop,

manufacture, market, distribute, or sell a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:   Sundyne objects to PeopleFlo's definitions of "PWA-SL Product Line" and "Sealless Pump Technology," which are material terms of this Request.  Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

9.     All documents relating to, evidencing, or constituting internal communications between or among Sundyne and any officers, directors, managers, employees, representatives, or agents involving or discussing whether any Sundyne products or technologies either are or are not competitive to the PWA-SL or the Sealless Pump Technology.

**RESPONSE:   Sundyne objects to PeopleFlo's definitions of "PWA-SL Product Line" and "Sealless Pump Technology," which are material terms of this Request.  Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation and it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

10.     All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing PeopleFlo.

**RESPONSE:   Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

11.     All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing the Development and Supply Agreement, or the existence

of any agreement, contract, or understanding of any kind between PeopleFlo on the one hand and DXP and/or PumpWorks on the other hand.

**RESPONSE: Sundyne objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

12. All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing the Sealless Pump Technology.

**RESPONSE: Sundyne objects to PeopleFlo's definition of "Sealless Pump Technology," which is a material term of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

13. All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing Project Colorado.

**RESPONSE: Sundyne objects to PeopleFlo's definition of "Project Colorado," which is a material term of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

14. All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing the NDAs, including but not limited to any information or documents of any kind that Sundyne received or was privy to pursuant to the terms of the NDAs.

**RESPONSE: Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements**

it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.

15.     All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing the PWA-SL Product Line.

**RESPONSE:   Sundyne objects to PeopleFlo's definition of "PWA-SL Product Line", which is a material term of this Request.  Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation. Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

16.     All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing the Kontro CSA Range, including but not limited to the design, development, or production of the underlying technology, any associated marketing strategy or concepts, the distribution and sale of the technology or product, and any related profit or revenue forecasting associated with the technology or product.

**RESPONSE:   Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  Sundyne's design, development and production of the Kontro CSA Range is not relevant to PeopleFlo's allegations or Sundyne's defenses.  Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

17.     All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range or any new or forthcoming Sundyne products or technologies in the pipeline.

**RESPONSE: Sundyne objects to PeopleFlo's definitions of "PWA-SL Product Line" and "Sealless Pump Technology", which are material terms of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. Sundyne's design, development and production of the Kontro CSA Range is not relevant to PeopleFlo's allegations or Sundyne's defenses. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

18.     All documents relating to, evidencing, or constituting communications between or among Sundyne and any officer, director, manager, employee, representatives, or agents of DXP or PumpWorks involving or discussing whether any Sundyne products or technologies either are or are not competitive to the PWA-SL or the Sealless Pump Technology.

**RESPONSE: Sundyne objects to PeopleFlo's definitions of "PWA-SL Product Line" and "Sealless Pump Technology", which are material terms of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation and it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

19.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing PeopleFlo, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE: Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any subject matter or temporal limitation, it is not proportional to the issues of this case and it is not reasonably likely to lead to the discovery of admissible evidence. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

20.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing the Development and Supply Agreement, or the existence of any agreement, contract, or understanding of any kind between PeopleFlo on the one hand and DXP and/or PumpWorks on the other hand, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE:  Sundyne objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought. Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

21.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing the Sealless Pump Technology, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", which is a material term of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome, it is not proportional to the issues of this case and it is not reasonably likely to lead to the discovery of admissible evidence. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

22.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing Project Colorado, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE:     Sundyne objects to PeopleFlo's definition of "Project Colorado", which is a material term of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

23.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing the NDAs, including but not limited to any information or documents of any kind that Sundyne received or was privy to pursuant to the terms of the NDAs, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE:  Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

24.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing the PWA-SL Product Line, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE:   Sundyne objects to PeopleFlo's definition of "PWA-SL Product Line", which is a material term of this Request.  Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

25.     All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing the Kontro CSA Range, including but not limited to the design, development, or production of the underlying technology, any associated marketing strategy or concepts, the distribution and sale of the technology or product, and any related profit or revenue forecasting associated with the technology or product, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE:  Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  Sundyne's**

design, development and production of the Kontro CSA Range is not relevant to PeopleFlo's allegations or Sundyne's defenses. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.

26. All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE: Sundyne objects to PeopleFlo's definitions of "PWA-SL Product Line" and "Sealless Pump Technology", which are material terms of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. This Request is also unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**

27. All documents relating to, evidencing, or constituting any other third-party communications between or among Sundyne and any other Person or Persons involving or discussing whether any Sundyne products or technologies either are or are not competitive to the PWA-SL or the Sealless Pump Technology, including without limitation any actual or potential, broker, adviser, customer, distributor, manufacturer, investor or lender.

**RESPONSE: Sundyne objects to PeopleFlo's definitions of "PWA-SL Product Line" and "Sealless Pump Technology", which are material terms of this Request. Sundyne further objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation and it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

28. All documents relating to, evidencing, or constituting communications between Sundyne and PeopleFlo involving or discussing the Sealless Pump Technology, Project Colorado, the NDAs, the PWA-SL Product Line, or the Development and Supply Agreement.

**RESPONSE: Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology," "Project Colorado" and "PWA-SL Product Line," which are material terms**

of this Request.  Sundyne further object that the documents requested are equally accessible to both parties.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

29.     All documents relating to, evidencing, or constituting communications between Sundyne and Ken Fischer or any Person from Fischer Process Industries involving or discussing PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or the Development and Supply Agreement.

RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which are material terms of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

30.     All board of director meeting minutes, board materials, presentations, documents or any other information used or disseminated in conjunction with or at any board of director meetings relating to PeopleFlo, the Sealless Pump Technology, Project Colorado, the NDAs, or the Development and Supply Agreement.

RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which are material terms of this Request.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

31.     All board of director meeting minutes, board materials, presentations, documents or any other information used or disseminated in conjunction with or at any board of director meetings relating to DXP or PumpWorks.

RESPONSE:  Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible

evidence. **Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

32.    All board of director meeting minutes, board materials, presentations, documents, or any other information used or disseminated in conjunction with or at any board of director meetings relating to the Kontro CSA Range, including but not limited to the design, development, or production of the underlying technology, any associated marketing strategy or concepts, the distribution and sale of the technology or product, and any related profit or revenue forecasting associated with the technology or product.

**RESPONSE:   Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. Sundyne's design, development and production of the Kontro CSA Range is not proportional to the issues raised in the complaint or Sundyne's defenses. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

33.    All corporate or committee meeting minutes, materials, presentations, documents or any other information used or disseminated in conjunction with or at any corporate or committee meetings relating to PeopleFlo, the Sealless Pump Technology, Project Colorado, the NDAs, or the Development and Supply Agreement.

**RESPONSE:    Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which are material terms of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

34.    All corporate or committee meeting minutes, materials, presentations, documents or any other information used or disseminated in conjunction with or at any corporate or committee meetings relating to DXP or PumpWorks.

**RESPONSE: Sundyne objects to this Request as overly broad, and seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

35. All corporate or committee meeting minutes, materials, presentations, documents or any other information used or disseminated in conjunction with or at any corporate or committee meetings relating to the Kontro CSA Range, including but not limited to, the design, development, or production of the underlying technology, any associated marketing strategy or concepts, the distribution and sale of the technology or product, and any related profit or revenue forecasting associated with the technology or product.

**RESPONSE: Sundyne objects to this Request because it is overly broad and unduly burdensome in that it is devoid of any temporal limitation or limitation of scope commensurate with the issues in this case and it is not proportional to the issues of this case. Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. Sundyne's design, development and production of the Kontro CSA Range is not relevant to PeopleFlo's allegations or Sundyne's defenses. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

36. All documents relating to or evidencing Sundyne's market share or market power in the market for sealless pumps in the United States, including all regions and/or states within the United States.

**RESPONSE: Sundyne objects to this Request as overly broad and unduly burdensome because it unlimited in time and in scope and because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable search for documents sought. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**
**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to the Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

37. All documents relating to or evidencing the identity, market share, or market power of Sundyne's competitors in the manufacture and sale of sealless pumps in the United States.

**RESPONSE:** **Sundyne objects to this Request as overly broad and unduly burdensome because it unlimited in time and in scope and because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable search for documents sought. Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to the Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

38.     All documents relating to or evidencing DXP's market share or market power in the market for distribution of commercial pumps in the United States or in any region or states within the United States.

**RESPONSE:** **Sundyne objects to this Request as overly broad and unduly burdensome because it unlimited in time and in scope and because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable search for documents sought. Objecting further, this Request pertains to documents in the possession, custody or control of DXP Enterprises, Inc., and therefore is more appropriately directed to DXP.**

39.     All documents relating to or evidencing the identity, market share, or market power of DXP's competitors in the distribution of commercial pumps in the United States.

**RESPONSE:** **Sundyne objects to this Request as overly broad and unduly burdensome because it unlimited in time and in scope and because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable search for documents sought. Objecting further, this Request pertains to documents prepared or generated by and in the possession, custody or control of DXP Enterprises, Inc., and therefore is more appropriately directed to DXP.**

40.     All documents of any kind describing competition in the sealless pump market in the United States, including but not limited to market studies, forecasts, surveys, documents analyzing supply and demand, and/or documents relating to or evidencing the competitive position of Sundyne, PumpWorks, DXP, or PeopleFlo.

**RESPONSE:** **Sundyne objects to this Request as overly broad and unduly burdensome because it unlimited in time and because it is unreasonably vague such that Sundyne cannot perform a reasonable search for documents sought. Sundyne further objects to this Request to the extent it seeks to compel the disclosure of documents or information generated by or at the request of Sundyne's counsel and which are protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or**

doctrine.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to the Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.


41.    All documents relating to or evidencing the market for sale or distribution of sealless pumps in the United States, including historically, presently, and/or prognostic or future forecasts.

RESPONSE:   Sundyne objects to this Request as it is overly broad and not reasonably likely to lead to the discovery of admissible evidence as it is devoid of any temporal or meaningful subject matter limitation.  Sundyne further objects to this Request as it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.


42.    All agreements and contracts of any kind entered into between Sundyne and DXP, including but not limited to distribution, marketing, and/or sales agreements for sealless pumps.

RESPONSE:   Sundyne objects to this Request as it seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.

Notwithstanding and without waiving this objection, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.


43.    All agreements and contracts of any kind entered into between Sundyne and PumpWorks.

RESPONSE:   Sundyne objects to this Request as it is overly broad and not reasonably likely to lead to the discovery of admissible evidence as it is devoid of any temporal or meaningful subject matter limitation.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.

Notwithstanding and without waiving this objection, within the timeframe of facts alleged in PeopleFlo's Complaint, none.

44.     All documents and communications authored, sent, or received by Gregory Hebert that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

45.     All documents and communications authored, sent, or received by Peter Johannson that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

46.     All documents and communications authored, sent, or received by Mark Sefcik that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

47.     All documents and communications authored, sent, or received by Daryl Lamy that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

48.     All documents and communications authored, sent, or received by David Clark that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this**

Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.

49.     All documents and communications authored, sent, or received by Steve Murphy that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

50.     All documents and communications authored, sent, or received by Chuck Treadway that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

51.     All documents and communications authored, sent, or received by Jeff Wiemelt that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled

sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

52.    All documents and communications authored, sent, or received by Tom Helmreich that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

53.    All documents and communications authored, sent, or received by Jarad Wagerman that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure**

19

Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.

54.     All documents and communications authored, sent, or received by Colin Guppy that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

55.     All documents and communications authored, sent, or received by David Benton that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

56.    All documents and communications authored, sent, or received by John Mock that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:    Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

57.    All documents and communications authored, sent, or received by Keith Thompson that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:    Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

58.    All documents and communications authored, sent, or received by Keith Hamilton that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

59.     All documents and communications authored, sent, or received by Ryan Garihan that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology", "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

60.     All documents and communications authored, sent, or received by David Gill that relate to, evidence or discuss PeopleFlo, the Sealless Pump Technology, Project Colorado, the PWA-SL Product Line, or Sundyne's efforts to evaluate, purchase, research, design, develop, manufacture, market, distribute, or sell pumps including without limitation a magnetically coupled sealless pump with the same or similar technology to the Sealless Pump Technology or PWA-SL, including but not limited to the Kontro CSA Range.

**RESPONSE:** **Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology," "Project Colorado" and "PWA-SL Product Line", which is a material term of this Request. Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this**

Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.

61.     All documents relating or evidencing all sales activity, unit sales, revenue generation, or profits associated with Sundyne's sealless pump products between 2012 through present, including but not limited to the Kontro CSA Range. The Request includes regional and state-by-state information.

**RESPONSE:  Sundyne objects to this Request as overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the issues in this case.  Sundyne further objects to the extent this request seeks to compel Sundyne to prepare or generate documents which are not currently in its possession, custody or control. Sundyne further objects to this Request to the extent it seeks to compel the disclosure of documents or information generated by or at the request of Sundyne's counsel and which are protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to the Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

62.     All documents relating to or evidencing the marketing, sales, revenue, or profits associated with Sundyne's sealless pump products that have been distributed or sold through DXP between 2012 through present, including but not limited to the Kontro CSA Range. The Request includes regional and state-by-state information.

**RESPONSE:  Sundyne objects to this Request as overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence, and not proportional to the issues in this case.  Sundyne further objects to the extent this request seeks to compel Sundyne to prepare or generate documents which are not currently in its possession, custody or control. Sundyne further objects to this Request to the extent it seeks to compel the disclosure of documents or information generated by or at the request of Sundyne's counsel and which are protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to the Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

63.     All documents and communications relating to, evidencing, or discussing Sealless Pump Technology, Project Colorado, the NDAs, Sealless Pump Technology, the Development and Supply Agreement, or any potential or future liabilities to PeopleFlo, that were disclosed or shared by Sundyne or Carlyle Group on the one hand and Warburg Pincus on the other hand.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology" and "Project Colorado", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. Neither Accudyne's divestiture of Sundyne nor Warburg Pincus's acquisition of Accudyne are relevant to the allegations made by PeopleFlo.  Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

64.     All documents prepared, generated, or exchanged in conjunction with the sale of Sundyne from Carlyle Group to Warburg Pincus that relate to, evidence, or discuss pump technologies in Sundyne's pipeline that it anticipated bringing to market (including the Kontro CSA Range), including but not limited to documents prepared or generated by third parties that include but are not limited to Carlyle Group and Goldman Sachs.

**RESPONSE:     Sundyne objects to PeopleFlo's definitions of "Sealless Pump Technology" and "Project Colorado", which is a material term of this Request.  Responding further, Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence. Neither Accudyne's divestiture of Sundyne nor Warburg Pincus's acquisition of Accudyne are relevant to the allegations made by PeopleFlo or Sundyne's defenses.  Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

65.     All documents and communications relating to, evidencing, or discussing any analysis of Pump Devices, U.S. Patent No. 9,920,764 or Multi-Piece Canister Assembly for Magnetically Coupled Fluid Handling Devices, U.S. Patent No. 10,208,869, and any analysis of any of PeopleFlo's technologies, market concepts, intellectual property, trade secrets, or confidential information, including but not limited to all documents and communications analyzing whether or not any of PeopleFlo's technologies or market concepts were legally protected.

**RESPONSE:  Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  PeopleFlo has not alleged that Sundyne breached the Non-Disclosure Agreements it entered into with PeopleFlo nor has PeopleFlo alleged that Sundyne otherwise misappropriate any purported proprietary, confidential, trade secret information and/or commercial information protected by the Non-Disclosure Agreements. Therefore, this**

Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.

66.     All documents and communications relating to, evidencing, or supporting Sundyne's statement in Paragraph 14 of its Answer that "was aware of a magnetically-coupled sealless pump concept before March 2018."

**RESPONSE:  Sundyne objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought. Sundyne further objects to this Request to the extent it seeks to compel the disclosure of documents or information generated by or at the request of Sundyne's counsel and which are protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

67.     All documents and communications relating to, evidencing, or supporting Sundyne's statement in Paragraph 17 of its Answer denying that any information PeopleFlo provided regarding the Sealless Pump Technology was protectable under the NDAs.

**RESPONSE:   Sundyne objects to this Request to the extent it seeks to compel the disclosure of documents or information generated by or at the request of Sundyne's counsel which are protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Objecting further, it is not logically possible for Sundyne to respond to this Request as it asks Sundyne to produce documents and communications to prove a negative.**

68.     All documents and communications relating to, evidencing, or supporting Sundyne's statement in Paragraph 22 of its Answer that it manufactured and offered for sale products that were competitive with the Sealless Pump Technology in the years 2012-2017, including but not limited to all documents and communications that relate to or discuss the reasons why Sundyne was seeking a licensing deal with PeopleFlo for use of the Sealless Pump Technology between 2012-2017.

**RESPONSE:   Sundyne objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought. Sundyne further objects to this Request to the extent it seeks to compel the disclosure of documents or information protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Objecting further, this Request seeks to**

compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

69.     All documents and communications relating to the financial model or sales forecast discussed in Paragraphs 45 and 46 of the Complaint.

**RESPONSE:   Sundyne objects to this Request as it seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

70.     All documents and communications relating to Sundyne's admission in Paragraph 124 of it Answer that it had "knowledge of a relationship between PeopleFlo and PumpWorks."

**RESPONSE:   Sundyne objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought. Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

71.     All documents and communications relating to, evidencing, or discussing Sundyne's valuation, sales forecasts, financial modeling or projections associated with a licensing deal involving the Sealless Pump Technology.

**RESPONSE:   Sundyne objects to PeopleFlo's definition of "Sealless Pump Technology", which is a material term of this Request.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

72.     All documents and communications relating to, evidencing, or discussing Sundyne's reasons for passing on a deal with PeopleFlo to license the Sealless Pump Technology.

**RESPONSE:     Sundyne objects to PeopleFlo's definition of "Sealless Pump Technology", which is a material term of this Request.  Objecting further, this Request seeks to compel the production of material which may reflect proprietary, confidential, trade secret information and/or commercial information without the entry of a protective order.  Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

73.     All documents and communications relating to, evidencing, or discussing Sundyne's commencement of both its research and development of the technology that was ultimately incorporated into the Kontro CSA Range.

**RESPONSE:  Sundyne objects to this Request as seeking documents that fall outside the scope of discovery and are not reasonably likely to lead to the discovery of admissible evidence.  Sundyne's "research and development of the technology that was ultimately incorporated into the Kontro CSA Range" relevant to the issues in this case.  Therefore, this Request constitutes nothing more than an impermissible and harassing fishing expedition in hopes to manufacture supplemental claims against Sundyne.**

74.     All documents and communications relating to, evidencing, or supporting Sundyne's allegations in its First Affirmative Defense that "PeopleFlo failed to mitigate its damages by failing to timely terminate the Development and Supply Agreement in accordance with Section 5 therein and finding a replacement distributor of the Sealless Pump Technology," including but not limited to all documents or communications relating to or evidencing the efforts to identity, availability, and feasibility of using said "replacement distributor" to distribute the PWA-SL in all U.S. markets.

**RESPONSE:  Sundyne objects to this Request to the extent it seeks to compel the disclosure of documents or information protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Objecting further, this Request is more appropriately directed to PumpWorks, PeopleFlo's counterpart in the Development and Supply Agreement, who, based on PeopleFlo's breach of Section 5 of the Development and Supply Agreement, asserted a counterclaim against PeopleFlo for breach of the same.**

75.     All documents and communications relating to, evidencing, or supporting Sundyne's allegations in its Second Affirmative Defense that "Sundyne lawfully competed with PeopleFlo."

**RESPONSE:** Sundyne objects to this Request to the extent it seeks to compel the disclosure of documents or information protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine. Sundyne further objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

76.   All documents and communications relating to, evidencing, or supporting Sundyne's allegations in its Third Affirmative Defense that "PeopleFlo waived its right to prosecute this claim."

**RESPONSE:** Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

77.   All documents and communications relating to, evidencing, or supporting Sundyne's allegations in its Fourth and Fifth Affirmative Defenses that "PeopleFlo failed to perform as required under the Development and Supply Agreement."

**RESPONSE:** Sundyne objects to this Request to the extent it seeks to compel the disclosure of documents or information protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine. Objecting further, this Request is more appropriately directed to PumpWorks, PeopleFlo's counterpart in the Development and Supply Agreement, who, based on PeopleFlo's breach of the Development and Supply Agreement, asserted a counterclaim against PeopleFlo for breach of the same.

78.   All documents that Sundyne referred to or relied upon in preparing the Answer and Affirmative Defenses.

**RESPONSE:** Sundyne objects to this Request to the extent it seeks to compel the disclosure of documents or information protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine. Sundyne further objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.

Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.

79.     All documents upon which Sundyne has relied, or intends to rely, in answering PeopleFlo's interrogatories to Sundyne.

**RESPONSE:   Sundyne objects to this Request to the extent it seeks to compel the disclosure of documents or information protected under the attorney-client privilege, attorney work-product doctrine or similar privilege or doctrine.  Sundyne further objects to this Request because it is unreasonably vague and confusing as written such that Sundyne cannot perform a reasonable for documents sought.**

**Notwithstanding and without waiving these objections, assuming PeopleFlo tailors this Request in response to Sundyne's objections, Sundyne will, pursuant to a mutually agreeable Confidentiality Order and ESI Protocol, produce any relevant, non-privileged documents in its possession or control, if any.**

SUNDYNE, LLC

By:    /s/  Christopher T. Sheean
          One of its attorneys

Christopher T. Sheean, Esq. (ARDC #6210018)
Eric J. Skwiat, Esq. (ARDC #6321537)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
(312) 321-0990 – Fax
csheean@smbtrials.com
eskwiat@smbtrials.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served upon:

John T. Ruskusky, Esq.
William M. Kirby, Jr., Esq.
Katie M. Burnett, Esq.
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, Illinois  60602
jtruskusky@nixonpeabody.com
wmkirby@nixonpeabody.com
kburnett@nixonpeabody.com

Kevin Tottis, Esq.
Monica L. Thompson, Esq.
Keith M. Stolte, Esq.
TottisLaw
One East Wacker Drive, Suite 1205
Chicago, Illinois  60601
ktottis@tottislaw.com
mthompson@tottislaw.com
kstolte@tottislaw.com

**via Electronic Mail, this 14th day of September, 2020**, from the law firm of Swanson, Martin & Bell, LLP, 330 North Wabash Avenue, Suite 3300, Chicago, Illinois 60611.

*/s/ Christopher T. Sheean*