# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLEFLO MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-03642 |
| v. | ) | |
| | ) | Honorable Manish S. Shah |
| SUNDYNE, LLC; ACCUDYNE | ) | Magistrate Judge Young B. Kim |
| INDUSTRIES, LLC; DXP ENTERPRISES | ) | |
| INC.; and PUMPWORKS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SUNDYNE, LLC'S RESPONSE TO PEOPLEFLO'S FOURTH SET OF REQUEST FOR PRODUCTION OF DOCUMENT & PURSUANT TO ORDER [293]**

Defendant, Sundyne, LLC ("Sundyne"), for its Responses to Plaintiff's Fourth Set of Requests for Production of Documents, states as follows:

**GENERAL OBJECTIONS**

1. Sundyne generally objects to the definitions and instructions contained in the Plaintiff's requests to the extent they exceed the scope and requirements of the Federal Rules of Civil Procedure and applicable local rules.

2. Sundyne generally objects to the requests to the extent they purport to require Sundyne to obtain documents outside of its possession, custody, and control or from other persons or entities.

3. Sundyne responses are made without waiver of, and with preservation of, all objections as to competency, relevancy, materiality, privilege and admissibility of the responses and any responsive documents, and the subject matter thereof, as evidence for any purposes in any further proceeding in this action (including the trial of this action) and any other action or proceeding.

# RESPONSES

109. Documents or communications of PeopleFlo granting Sundyne permission to contact PeopleFlo's vendors to discuss the Kontro GSA product line. *See* Peter Johansson's July 12, 2022 deposition at 47:11-50:18.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

110. Communications, presentations, and spreadsheets developed by, or shared between, Peter Johansson or Thomas Helmreich between May 1, 2017 and November 30, 2017 regarding any financial projections or considerations relating to a potential transaction between Sundyne and PeopleFlo. *See* Peter Johansson's July 12, 2022 deposition at 110:11-111:12.

**RESPONSE: As Mr. Johansson testified, his typical practice with Mr. Helmreich was to sit down with him and go over projections and considerations in person. After a search, Sundyne has no email or written communications detailing such discussions, and cannot independently determine what documents would be responsive to this request. Answering further, see SUN-PF02642-2702.**

111. Communications, presentations, and spreadsheets that were shared with Mark Sefcik between May 1, 2017 and November 30, 2017 regarding any financial projections or considerations relating to a potential transaction between Sundyne and PeopleFlo. *See* Peter Johansson's July 12, 2022 deposition at 112:9-113:13.

**RESPONSE: Mr. Johansson testified that he had no specific recollection of sharing projections or considerations with Mr. Sefcik between May 1, 2017 and November 30, 2017, but believes he would have done so. After a search, Sundyne has no email or written communications detailing such discussions, and cannot independently determine what documents would be responsive to this request. Answering further, see SUN-PF02642-2702.**

112. Documents and communications relating to Sundyne's decision that the purchase value of PeopleFlo was not affordable or appropriate. *See* Peter Johansson's July 12, 2022 deposition at 115:2-18.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 02604, SUN-PF02642-2702, SUN-PF45513-45569.**

113. Documents and communications relating to Sundyne's decision that the adopting rate for the PeopleFlo opportunity would not justify a sizeable investment in introducing a new product to the market. *See* Peter Johansson's July 12, 2022 deposition at 115:2-18.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 02604, SUN-PF02642-2702, SUN-PF45513-45569.**

114. Documents and communications relating to Sundyne's decision that the time frame to reach production or sales value for the PeopleFlo opportunity was beyond the period Sundyne

would likely be owned by its then owners. *See* Peter Johansson's July 12, 2022 deposition at 115:2-18.

**RESPONSE: Sundyne has no documents responsive to this request.**

115. Documents reflecting the analysis from Sundyne's modeling tool used to evaluate new product opportunities as it related to Sundyne's analysis of the PeopleFlo opportunity between May 1, 2017 and November 30, 2017, including any summaries, presentations, or spreadsheets reflecting the results of that modeling tool. *See* Peter Johansson's July 12, 2022 deposition at 117:19-118:23.

**RESPONSE: Sundyne has no documents responsive to this request.**

116. Communications attaching the PowerPoint contained in Exhibit 268 in draft or final form between September 2017 and January 2018. *See* Peter Johansson's July 12, 2022 deposition at 274:21-275:4.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

117. Documents or communications with Sundyne suppliers evidencing Sundyne's efforts to create an estimate of unit cost for purchases of machine parts or assembled parts at high volumes to compare with Bill Blankemeier's estimated cost. *See* Peter Johansson's July 12, 2022 deposition at 150:17-151:11.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 02604, SUN-PF02642-2702, SUN-PF45513-45569.**

118. Communications, presentations, and spreadsheets prepared during the second half of 2017 for Sundyne's product line review that reference PeopleFlo or Project Colorado. *See* Peter Johansson's July 12, 2022 deposition at 152:9-153:4.

**RESPONSE: Sundyne will produce documents responsive to this request at SUN-PF 49164-49171.**

119. Communications to or from the "HMD team" in reference to the e-mail sent by Peter Johansson to Bill Blankemeier on October 4, 2017, marked as Exhibit 118 to Peter Johansson's deposition. *See* Peter Johansson's July 12, 2022 deposition at 168:20-22.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

120. The documents hyperlinked in SUN-PF41703 (Ex. 125 of July 12 Deposition). *See* Peter Johansson's July 12, 2022 deposition at 194:20-195:11.

**RESPONSE: The Document "PO Meeting – GSA Refresh 17_05_05.pptx" was produced at SUN-PF 46064-69. The document "MOA-GSA Refresh 17_05_05.pptx" will be produced herewith as SUN-PF 49172-49183.**

3

121. Documents and communications relating to any conversations with customers or end users between September 2017 and January 2018 collected as a part of the Voice of Customer process in connection Sundyne's assessment of the PeopleFlo opportunity. *See* Peter Johansson's July 12, 2022 deposition at 239:4-240:5.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

122. Documents or communications shared with Mark Sefcik between May 1, 2017 and November 30, 2017 in relation to evaluating the potential transaction with PeopleFlo. *See* Peter Johansson's July 12, 2022 deposition at 291:2-24.

**RESPONSE: Sundyne has no documents responsive to this request.**

123. Documents and communications relating to the technical evaluations provided by Sundyne's engineers suggesting PeopleFlo's design had not overcome thrust loading and open style impeller performance issues. *See* Peter Johansson's July 13, 2022 deposition at 24:4-10.

**RESPONSE: Sundyne has no documents responsive to this request.**

124. Documents reflecting any communications between Peter Johansson and Mark Sefcik in September 2017 through January 2018 regarding Sundyne not being prepared to make the level of investment requested by PeopleFlo. *See* Peter Johansson's July 13, 2022 deposition at 25:9-14.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

125. Documents and communications relating to Sundyne's work performed after the October 2017 meeting with PeopleFlo regarding Sundyne's own cost build up and estimates of HMD and ANSIMAG product lines. *See* Peter Johansson's July 13, 2022 deposition at 68:10-69:8.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 02604, SUN-PF02642-2702, SUN-PF45513-45569.**

126. Documents and communications relating to Sundyne's work performed after the October 2017 meeting with PeopleFlo regarding the comparison of Sundyne's cost build up estimates with PeopleFlo's estimates. *See* Peter Johansson's July 13, 2022 deposition at 68:10-69:8.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 01384-1385, SUN-PF 2713-2714, and SUN-PF 02543-2602.**

127. Documents and communications relating to Sundyne's work performed after the October 2017 meeting with PeopleFlo regarding discussions with Sundyne's sales teams concerning their ability to meet certain projected volumes. *See* Peter Johansson's July 13, 2022 deposition at 68:10-69:8.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 01384-1385, SUN-PF 2713-2714, and SUN-PF 02543-2602.**

128. Documents and communications relating to Sundyne's work performed after the October 2017 meeting with PeopleFlo regarding discussions with Sundyne's manufacturing organization concerning capital expense, time estimates, and ability to manufacture PeopleFlo's product. *See* Peter Johansson's July 13, 2022 deposition at 68:10-69:8.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 01384-1385, SUN-PF 2713-2714, and SUN-PF 02543-2602.**

129. Documents and communications relating to Sundyne's work performed after the October 2017 meeting with PeopleFlo regarding discussions with Sundyne's engineering organization concerning past records on product development. *See* Peter Johansson's July 13, 2022 deposition at 68:10-69:8.

**RESPONSE: Sundyne has no additional documents responsive to this request. See SUN-PF 02543-2602.**

130. Documents comparing the PeopleFlo opportunity to the light duty canned motor pump from a Japanese vendor. *See* Peter Johansson's July 13, 2022 deposition at 164:9-20.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

131. Documents identifying the other opportunities Sundyne wanted to advance under the total integrated budget in place of pursuing the PeopleFlo opportunity. *See* Peter Johansson's July 13, 2022 deposition at 197:1-11.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

132. Documents and communications evidencing the date that the contents of Martin Stuart's Sundyne work computer were scrubbed and/or deleted, including documents and communications evidencing the individual(s) who authorized the scrubbing and/or deletion of the contents of Martin Stuart's Sundyne work computer.

**RESPONSE: See the Declaration of Abdullah Qasir, provided herewith at SUN-PF49191-49192, regarding Sundyne's understanding of Martin Stuart's computer following his resignation on June 11, 2020.**

133. Documents and communications evidencing the extent to which Sundyne undertook any effort to set up email forwarding of Martin Stuart's Sundyne work email account prior to, at, or after the time of his departure from Sundyne.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

5

134. Documents and communications evidencing Sundyne's efforts to retain documents residing within Martin Stuart's computer, electronic files, and/or email account consistent with the retention schedules set forth in Sundyne's Corporate Policy Manual.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

135. A full and complete copy of Sundyne's Corporate Policy Manual as referenced and hyperlinked at SUN-PF 48950 and SUN-PF 48937.

**RESPONSE: The references to a "Corporate Policy Manual," are references from prior iterations of Sundyne's corporate Human Resources and Information Technology docouments, and refers to the United Technologies Corporate Policy Manual, a copy of which is produced as SUN-PF 49184-49189. The document itself is outdated and no longer in use.**

136. Sundyne's communications with Anglo Krempel regarding sourcing, purchasing, designing, and the manufacturing methods and raw materials to be included in the containment shells for the Kontro CSA Range, including without limitation the Frame 1, Frame 2, and any other contemplated frame sizes.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

137. Sundyne's internal communications about sourcing, purchasing, designing, and the manufacturing methods and raw materials to be included in the containment shells for the Kontro CSA Range from Anglo Krempel, including without limitation the Frame 1, Frame 2, and any other contemplated frame sizes.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

138. Sundyne's communications with Greene Tweed regarding sourcing, purchasing, designing, and the manufacturing methods and raw materials to be included in the containment shells for the Kontro CSA Range, including without limitation the Frame 1, Frame 2, and any other contemplated frame sizes.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

139. Sundyne's internal communications about sourcing, purchasing, designing, and the manufacturing methods and raw materials to be included in the containment shells for the Kontro CSA Range from Greene Tweed, including without limitation the Frame 1, Frame 2, and any other contemplated frame sizes.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

140. Documents and communications relating to Sundyne's awareness, effort, involvement, assistance, and/or participation in Greene Tweed bringing a new Xycomp DLF containment shell to market. *See* Deposition Exhibit 173, at p. 676.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

141. Produce and provide PeopleFlo with an exemplar of the Kontro CSA Range.

**RESPONSE:** Court denied Plaintiff's motion to propound this request (See Dkt. 293).

SUNDYNE, LLC

By: */s/ Christopher T. Sheean*
One of its attorneys

Christopher T. Sheean, Esq. (ARDC #6210018)
Eric J. Skwiat, Esq. (ARDC #6321537)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax
csheean@smbtrials.com
eskwiat@smbtrials.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon:

John T. Ruskusky, Esq.
William M. Kirby, Jr., Esq.
Richard H. Tilghman, Esq.
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
jtruskusky@nixonpeabody.com
wmkirby@nixonpeabody.com
kburnett@nixonpeabody.com
rhtilghman@nixonpeabody.com

Kevin Tottis, Esq.
Monica L. Thompson, Esq.
Keith M. Stolte, Esq.
TottisLaw
One East Wacker Drive, Suite 1205
Chicago, Illinois 60601
ktottis@tottislaw.com
mthompson@tottislaw.com
kstolte@tottislaw.com

Anthony S. Baish, Esq.
Joshua I. Bernstein, Esq.
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, Wisconsin 53202
abaish@gklaw.com
jbernstein@gklaw.com

Steven M. Ruffalo, Esq.
Scott A. Nehls, Esq.
Fuchs & Roselli, Ltd.
200 South Wacker Drive, Suite 600
Chicago, Illinois 60606
sruffalo@frltd.com
snehls@frltd.com

**via Electronic Mail, this 6th day of December, 2022**, from the law firm of Swanson, Martin & Bell, LLP, 330 North Wabash Avenue, Suite 3300, Chicago, Illinois 60611.

Under penalties as provided by law pursuant to 735 ILCS §1-109 of the Code of Civil Procedure, I certify that the statements set forth herein are true and correct.

                 /s/ Christopher T. Sheean