IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLEFLO MANUFACTURING, INC., | |
| Plaintiff, | Case No. 20-cv-03642 |
| v. | |
| SUNDYNE, LLC; ACCUDYNE INDUSTRIES, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC, | Honorable Manish S. Shah Magistrate Judge Young B. Kim |
| Defendants. | |

## SUNDYNE'S RESPONSE BRIEF IN OPPOSITION TO PEOPLEFLO'S MOTION TO COMPEL

PeopleFlo's Motion to Compel should be denied. PeopleFlo seeks records that are no longer relevant - supplementation of its requests to produce relating to Sundyne's marketing and sales of its Kontro CSA pump line. Although Sundyne has strenuously denied any liability for PeopleFlo's claims since the inception of this lawsuit, it complied with its obligations and produced records of sales of its Kontro CSA line, as well as other products it has sold over the past several years. However, the Court granted Sundyne and Accudyne partial summary judgment on a number of PeopleFlo's claims, including a significant portion of its trade secret misappropriation and breach of contract claims. That ruling understandably narrowed the issues that remain in this case, and modified the scope of what is relevant and proportional to those issues. Records of sales and revenue for Sundyne's entire Kontro CSA line are no longer relevant. Only the documents reflecting sales of those pumps that incorporate the narrow list of features identified in the Court's ruling as potentially constituting a combination trade secret are relevant and have been produced. The Court should reject PeopleFlo's attempt to ignore the court's ruling and deny PeopleFlo's motion to compel. In addition, PeopleFlo seeks to compel production of documents that Sundyne

properly objected to **nearly 5 years ago.** PeopleFlo has waived any right to seek to compel those documents at this late date.

## Background Facts

PeopleFlo's initial claims against Sundyne and Accudyne included claims for tortious interference with contract, tortious interference with prospective economic advantage, violations of the Illinois Trade Secrets Act, and breach of a non-disclosure agreement with PeopleFlo. The parties engaged in discovery, and Sundyne has produced over 55,000 pages of documents in this case. Among the categories of documents that Sundyne has produced thus far are records of sales of the Kontro CSA pump, as well as forecasts of sales. Sundyne supplemented its production of documents as the case developed.

The scope of this case changed significantly when the Court issued its memorandum opinion and order on March 22, 2024, granting in part Sundyne and Accudyne's motions for summary judgment. (Dkt. 446). Importantly, the only remaining claims against Sundyne and Accudyne are claims for trade secret misappropriation under the Illinois Trade Secrets Act, and the corresponding claim for breach of the non-disclosure agreement. The Court expressly rejected PeopleFlo's claim for trade secret misappropriation relating to PeopleFlo's containment shell and its go-to-market strategy. The Court also rejected PeopleFlo's claim as it related to the use of o-rings on a sealless pump bearing, the use of a single piece bushing, and the use of a flat sided bushing, noting that these had been used previously by others, and that PeopleFlo disclosed them in its published patent application in 2017. The Court noted that Sundyne had known about and used a carbon graphite bushing combined with silicon carbide bushholder to improve a sealless pump's ability to run dry on its pumps prior to any disclosure by PeopleFlo. The sole trade secret claim that remains following the Court's ruling is the alleged combination bearings technology,

namely, the combination of o-rings, a single piece, and flat sided bushing using silicon carbide and a specific grade of carbon graphite. The Court stated that this alleged combination may not rise to the level of a combination trade secret because each of the four features are publicly known, but noted that it could not say that as a matter of law.

The Court also expressly stated that it was denying the motion for summary judgment on the breach of the NDA as to Accudyne (which is an overlap of the claim against Sundyne),[1] because "there is an issue of material fact as to whether PeopleFlo's bearings design was a trade secret and whether Sundyne relied on that trade secret when developing the HMD Kontro CSA." Moreover, PeopleFlo admitted in its Rule 30(b)(6) deposition that it was not aware of any factual difference between the breach of contract claim and the trade secret claim. "The facts that support its claim for trade secret misappropriation are identical to the facts that support its claims for breach of the Sundyne and Accudyne NDAs." (Defendants' Joint Statement of Undisputed Material Facts, ¶87. (Dkt. #s332, 363)).

PeopleFlo's counsel requested that Sundyne supplement its document production to provide more recent records of the sales of the Kontro CSA pump, as well as marketing materials and forecasts. Sundyne responded with copies of the records of any sales that incorporated 3 of the 4 components of what Judge Shah referred to as the "Bearings Technology."[2] Sundyne's counsel's effort to compromise with PeopleFlo's counsel to avoid unnecessary motion practice was rejected, resulting in the instant motion.

---

[1] PeopleFlo admitted that it does not contend that there is" anything that Accudyne did wrong that PeopleFlo did not do." (Defendants Joint Statement of Undisputed Material Facts (Dkt. #332), at ¶33).

[2] Sundyne's Kontro CSA pumps do not utilize a single piece bushing, and Sundyne sources a different grade of carbon graphite from a different vendor than PeopleFlo, but Sundyne provided the records of sales that incorporated the other features that Judge Shah indicated may constitute a combination bearings technology trade secret.

PeopleFlo now seeks to compel documents responsive to requests to produce that Sundyne objected to in September 2020, **nearly 5 years ago.** Plaintiff asserts that Sundyne is obligated to produce an extensive array of documents relating to market share, market power, and communications related thereto. There is no evidence that PeopleFlo diligently pursued any such records in the intervening 5 years. What is more, the parties engaged in expensive and time consuming negotiations over the terms and custodians under the ESI protocol agreed to by the parties. For PeopleFlo to now seek to essentially reopen this analysis and call for new round of document review and production is astonishing, given the passage of time. For this reason, PeopleFlo's motion to compel should be denied.

## Argument

### 1. Legal Standard

"District courts have extremely broad discretion to control discovery." *Marshall v. Grubhub, Inc.*, 2022 WL 1055484, at *3 (N.D. Ill. Apr. 5, 2022). "In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chi.*, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). Rule 26 "governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, 2021 WL 1426875, at *2 (N.D. Ill. Apr. 15, 2021). The party requesting discovery bears the initial burden of establishing its relevancy. *Eternity Mart, Inc. v. Nature's Sources, LLC*, 2019 WL 6052366 at *2 (N.D. Ill. Nov. 15,2019). Courts have recognized that the needs of the case, and the scope of what is relevant, can change during the course of the litigation. *Starr Indemnity & Liability Co., v. River & Roads Directional Drilling, LLC*, 2025 WL 51385 (S.D. Miss. January 8, 2025).

### 2. PeopleFlo Seeks Documents For Products That Are No Longer Relevant.

PeopleFlo seeks discovery that is no longer relevant to a claim or defense, and, thus, is not proportional to the needs of the case. PeopleFlo claims that it needs Sundyne's records of sales, revenue and market associated with Sundyne's Kontro CSA pumps. But PeopleFlo ignores that Sundyne's Kontro CSA pumps are no longer the relevant products at issue. Rather, only those pumps that incorporate the features of a possible trade secret are relevant.

In its ruling on Defendants' motion for summary judgment, the District Court identified three areas of trade secrets: 1) the containment shell; 2) the bearings technology; and 3) the go-to-market strategy. (Dkt. #446, at pp. 6-10). The Court granted Sundyne and Accudyne's motions for partial summary judgment on PeopleFlo's trade secrets claim as it relates to the containment shell (Dkt. #446 at 59); and as it relates to "its go-to-market strategy." (*Id.* at 65). The sole remaining claim for trade secret misappropriation against Sundyne and Accudyne is a potential trade secret involving bearings technology, namely the combination of the use of o-rings with a single-piece, flat sided bushing that incorporates a specific grade of carbon graphite running against silicon carbide. (*Id.* at p. 63).

PeopleFlo attempts to ignore the summary judgment ruling by pointing to its claim for breach of the non-disclosure agreement ("NDA"). In its motion to compel, PeopleFlo quotes the NDA as covering a broad array of information, and claims that its requests for supplementation of documents seek documents tied to the products that fall within the scope of the NDA. PeopleFlo fails to include the second paragraph of the description of Confidential Information, which provides:

> The parties agree that the term "Confidential Information" does not include information which (i) was or becomes generally available to the public other than as a result of a disclosure by Receiving Party or its Representatives, or (ii) was or

>becomes available to Receiving Party or its Representatives on a non-confidential basis prior to its disclosure to Receiving Party by Disclosing Party . . .

((Dkt. #456-3), Non-Disclosure Agreement, at p. 1). The NDA expressly excluded any information that is or becomes generally available to the public, or was known by Sundyne prior to any disclosure by PeopleFlo.

Here, the Court held that the breach of contract claim relies on the same facts as PeopleFlo's trade secret misappropriation claim. (Dkt. #446, at p. 65). In other words, as PeopleFlo admitted at its 30(b)(6) deposition, there is no factual difference between PeopleFlo's trade secret misappropriation claim and its breach of contract claim. (Dep. of PeopleFlo's 30(b)(6) Designee, William Blankemeier, 12/2/22 at 45:06-11).[3] The Court also expressly ruled that none of the features PeopleFlo identified constitute trade secrets, other than possibly the combination trade secret referenced above. Therefore, the only remaining claims under the breach of non-disclosure agreement are identical to PeopleFlo's trade secrets claim – the bearings technology, to the extent it can be considered a combination trade secret.

PeopleFlo claims that it needs records of all sales of the Kontro CSA pump because they are necessary to set forth a claim for damages. Records of sales of all Kontro CSA pumps, however, would create a grossly inflated picture of the potentially relevant damages. The Court has eliminated any claims for disgorgement of profits tied to the Kontro CSA pumps, other than those that incorporate the purported "bearings technology." Only documents reflecting the sales of Kontro CSA pumps that incorporate this feature could possibly be relevant or proportional to PeopleFlo's remaining claims, and Sundyne has provided the requested records of such pumps.

---

[3] PeopleFlo designated portions of the transcript as Confidential. As such, Sundyne will provide the Court with a copy of the transcript upon request, or at the hearing of this motion.

This Court should not allow PeopleFlo to disregard the Court's rulings that greatly diminished PeopleFlo's claims and narrowed the scope of the dispute. This Court has broad discretion to control the scope of discovery, and should exercise that discretion here to prevent PeopleFlo from seeking irrelevant documents in hopes of presenting an inflated damages model.

### 3. PeopleFlo's Motion to Compel Is Untimely.

"This [C]ourt has broad discretion in ruling on a motion to compel discovery, and that discretion extends to the determination of whether a motion to compel is timely." *Africano v. Atrium Med. Corp.*, No. 17 CV 7238, 2019 WL 10891868, at *1 (N.D. Ill. Jul. 3, 2019). In assessing a delay in bringing a motion to compel, courts in this District look to three factors: (i) "how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *West v. Miller*, 2006 WL 2349988 at *5 (N.D. Ill. Aug. 11, 2006). *See Feit Electric Company, Inc. v. CFL Technologies LLC*, 2023 WL 3436346 at *6 (N.D. Ill. May 12, 2023)(denying the motion to compel after a delay of one year).

Here, fact discovery closed on December 31, 2022, two and a half years ago. (Dkt. #299). To the extent PeopleFlo seeks anything other than supplementation, the instant motion is clearly untimely. In its motion, PeopleFlo cites to Sundyne's objections to Requests 36-41, dated September 14, 2020. These requests seek documents relating to Sundyne's products market share and market power. (Dkt. 456-4). Sundyne properly objected to those requests. The parties engaged in extensive negotiations regarding discovery, including search terms and custodians, several years ago. PeopleFlo's time to seek production of these documents has passed many years ago.

Oddly, PeopleFlo also cites to its Requests 110, 111 and 115, as well as Sundyne's responses. (Dkt. #456-5). In those responses, Sundyne indicates that it has no responsive

7

documents beyond those previously produced. The requests seek documents from 2017 – obviously Sundyne has no supplemental production for those topics.

## Conclusion

This Court has the discretion and authority to limit discovery to requests that are relevant and proportional to the issues of the case. Similarly, the Court has the discretion to deny untimely motions to compel. The issues here have significantly narrowed due to the ruling on defendants' summary judgment motion. PeopleFlo may disagree with that ruling, but any supplementation of prior document production should be tailored to only the remaining issues in dispute. For the foregoing reasons, PeopleFlo's motion to compel should be denied.

Respectfully submitted,
SUNDYNE, LLC

By: */s/ Christopher T. Sheean*
Christopher T. Sheean (ARDC #6210018)
Eric J. Skwiat (ARDC #6321537)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
csheean@smbtrials.com
eskwiat@smbtrials.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 18, 2025**, I electronically filed the foregoing with the Court using the CM/ECF filing system, which will automatically serve copies upon all counsel of record.

                                                          */s/ Christopher T. Sheean*