IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLEFLO MANUFACTURING, INC., | |
| Plaintiff, | Case No. 1: 20-CV-03642 |
| v. | |
| SUNDYNE, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC, | Honorable Manish S. Shah |
| Defendants, | Magistrate Judge Young B. Kim |
| PUMPWORKS, LLC, | |
| Counter-Plaintiff, | |
| v. | |
| PEOPLEFLO MANUFACTURING, INC., | |
| Counter-Defendant. | |

## PUMPWORKS LLC'S OPPOSED MOTION FOR LEAVE TO FILE EVIDENCE TO PROVE UP DAMAGES FOLLOWING SUMMARY JUDGEMENT AS TO LIABILITY AND FOR AN ORDER AWARDING ATTORNEYS' FEES

PumpWorks LLC, ("PumpWorks") the counter-plaintiff makes this motion following the Court's entry of summary judgement on PumpWorks' claims finding that PeopleFlo Manufacturing, Inc., the counter-defendant ("PeopleFlo"), breached the Development and Supply Agreement dated March 22, 2018 (the "DSA"). Dkt. # 405.[1] In order to reach a final judgment, PumpWorks needs to prove up its damages, including pre-judgement interest, and to obtain an order awarding its attorneys' fees in an amount to be determined pursuant to LR 54.3

---

[1] Though PeopleFlo opposes this motion, it nonetheless agrees to the submission of materials supporting or opposing PumpWorks damage request as follows: PumpWorks to file evidence supporting its damage claims by August 15, 2025; PeopleFlo to respond by September 5, 2025 and PumpWorks to reply by September 26, 2025.

1

or by whatever procedure this Court deems appropriate. Pursuant to the DSA §12.a (see Dkt #342-1 Ex.1), neither party is entitled to a trial by jury, so the calculation of damages in within the exclusive purview of the Court. As reason for this motion, PumpWorks states the following.

    *1.  Prove-up of damages with interest*

When ruling on the summary judgement motions, this Court stated that PumpWorks had to make an election between an award of monetary damages or accepting as its sole remedy, the assignment of know-how under the terms of the DSA for PeopleFlo's breach. Dkt. # 405 at p.76. PumpWorks has elected monetary damages and is seeking judgement in the amount of $690,203.90 plus pre-judgement interest of 5% per annum pursuant to 815 ILCS 205/2.

PumpWorks' calculation supporting its request for $690,203.90 in damages is simple. It is derived from the difference between the total amount that PumpWorks paid ($1,197,454.40) to PeopleFlo after giving credit for the $507,250.50 in value of the equipment it received. While PumpWorks can present excel spreadsheets matching payments to purchase orders, invoices and shipping records for ease of reference to source documents and to materials prepared by PeopleFlo admitting the transactions  up to January 3, 2020, it is the net difference between payments and value received by the end of April 2020 that results in the damages.

  PeopleFlo has agreed with PumpWorks that these calculations do not require expert analysis. Status Report of PeopleFlo Manufacturing, Inc, Dkt # 452 filed on April 29, 2025. To avoid an unnecessary hearing, or to at least greatly reduce the issues before the Court, PumpWorks has repeatedly sought PeopleFlo's stipulation as to the damage amount, but PeopleFlo has never substantively responded. In April of this year when the parties submitted their competing requests for a schedule to achieve this stipulation (or clearly identify any

disputes), PumpWorks argued for a shorter schedule than PeopleFlo.[2] While the Court never entered an order on either requested schedule, PumpWorks notes that we are now well beyond the dates that PeopleFlo itself proposed it be given to respond to the request for stipulation. And to date all that PumpWorks has heard from PeopleFlo with respect to the damage claim issue is, in a word, CRICKETS.

The materials supporting the damage claims were first presented during briefing on summary judgment, and were, among other things, the subject of the George ("Skip") Giessing Declaration. Dkt. # 356 filed on June 9, 2023 and Exhibit C (the "Giessing Accounting") (Dkt. #356-3); and Exhibits D, E, and F (the "DSA Purchase Orders") (Dkt. ## 356-4, -5, and -6) thereto. In its responses to PumpWorks statement of facts, PeopleFlo admitted that it received pre-payments under the DSA totaling $1,133,880 and "that it has retained approximately $700,000 in prepayments for MCUs [the products that are the subject of the DSA]...." See Plaintiff PeopleFlo Manufacturing, Inc.'s Response to Defendant PumpWorks LLC's Statement of Additional Undisputed Facts in Support of its Motion for Summary Judgement and in Opposition to Plaintiff's Motion for Partial Summary Judgement, Dkt # 391 filed on July 13, 2023, p. 19.[3]

---

[2] Compare: Status Report by DXP and PumpWorks, Dkt # 450 seeking a schedule that ended on or before May 27, 2025 with Status Report of PeopleFlo Manufactuing, Inc. Dkt # 452 seeking a schedule ending on or before June 27, 2025.

[3] At the time of summary judgement briefing, PeopleFlo took the position that its damages resulting from PumpWorks alleged breaches of the DSA were so far in excess of those sought by PumpWorks for its overpayments that PeopleFlo would not owe PumpWorks anything. It further objected that the Declarant, Skip Giessing's testimony which calculated the amount owed to PumpWorks constituted "expert" testimony because he was not qualified, among other things, to value all of PeopleFlo's alleged damages which it claims should offset PumpWorks' claims for overpayments. The Court's ruling on the summary judgement motions and the motions for reconsideration finding that PeopleFlo was not entitled to recovery any damages under its breach of contract claims renders PeopleFlo's objections to the testimony of Skip Giessing calculating PumpWorks' damages moot.

PeopleFlo's officers made the calculation of damages relatively easy. At the direction of Mr. Blankemeier, PeopleFlo's President, Clark Schafer, one of PeopleFlo's Vice Presidents and the lead for the PumpWorks' project, was able to quickly prepare, a spreadsheet summarizing all payments that PeopleFlo received and equipment shipments that it had made through January 3, 2020. (the "Shafer Accounting"). This Shafer Accounting was sent to PumpWorks and was marked as Exhibit 247 to Mr. Shafer's deposition. All that was required to finalize the amount of PumpWorks' damages was to complete the Shafer Accounting through April 17, 2020. Mr. Giessing undertook this work and attached the Giessing Accounting as Exhibit C to his declaration in support of PumpWorks' motion on summary judgment. Based on the work of Mr. Shafer, as completed by Mr. Giessing, PumpWorks is now requesting $690,203.40. [4]

While PumpWorks regrets having to burden the Court with consideration of this matter, as PeopleFlo has provided no response as to the accuracy of the payments and shipments made after January 3, 2020, PumpWorks seeks to present evidence comprising:

1. The Clark Shafer Accounting (including authenticating deposition testimony from Shafer and Blankemeier);

2. The summary judgement Declaration of George (Skip) Geissing Dkt # 356 and Exs C, D, E, and F thereto;

3. PeopleFlo Manufacturing, Inc.'s Response to Defendant PumpWorks LLC's Statement of Additional Undisputed Facts in Support of its Motion for Summary Judgement and in Opposition to Plaintiff's Motion for Partial Summary Judgement, DKT # 391 filed on July 13, 2023;

---

[4] In total, PumpWorks paid PeopleFlo $1,197,454.40 (including the pre-payments and payments for other invoiced goods). It ultimately received goods valued at $507,250.50 leaving PeopleFlo with overpayments of $690,203.90.

4.  The business record source documents including copies of invoices, purchase orders, shipping records and printouts from PumpWorks ERP system (the accounting system used to record PumpWorks' transactions during the time of its relationship with PeopleFlo);

5.  A Declaration from Stephen Wick, the Controller of DXP who verified the payments made to PeopleFlo as recorded in the PumpWorks' ERP system including those portions of the bank statements and wire transfer documents he consulted; and

6.  A Master Accounting spreadsheet for the convenience of the Court which adds references to the Giessing Accounting showing the bates numbers from PeopleFlo's and PumpWorks' source documents supporting the invoice and payment entries, cross-referencing data entries in the Shafer Accounting, giving the line of ERP entries evidencing PumpWorks' payments and cross referencing the chart of Mr. Wick verifying payments to PeopleFlo accounting;

7.  A brief addressing the legal issues including authentication of the evidence, the admissions of the parties contained in the materials and providing a narrative of the Accountings to more easily track to the source documents.

Based on the supporting materials listed above, PumpWorks will request that judgment be entered in the amount of $690,203.90 plus interest at 5% from May 1, 2020.

*2. Request for Order Awarding Attorneys Fees*

The DSA provides that "the prevailing party shall be entitled to recover court costs and attorneys' fees from the losing party" (DSA §12.h, Dkt #342-1 Exhibit 1). The Court's ruling on summary judgement did not address PumpWorks' request for attorneys' fees. PumpWorks now seeks an order awarding PumpWorks its attorneys' fees as the prevailing party. Unless the Court

prefers a different procedure, following the entry of the order, PumpWorks will commence the schedule set out in L.R. 54.3 to determine the amount of the fee award.

     3. *There is no just reason to delay entry of final judgment*

     The relief sought by PumpWorks is required to advance the final judgement in this matter, which is more than five years old. PumpWorks has already made known to the Court its concerns about PeopleFlo's alienation of assets that could be used to satisfy PumpWorks' judgement. Further, PumpWorks continue to incur costs associated with the action which can be brought to a close with a final judgement.

     Should PeopleFlo want to appeal any or all of the judgment based on the summary judgment rulings, it will not be unduly prejudiced. It has already petitioned this Court to grant it the right to bring an interlocutory appeal based on the issues raised in its reconsideration motion. Further, PeopleFlo is the party which initiated this action and the joinder of all defendants. It should not now be allowed to benefit any further delay in bringing the action to a close against PumpWorks, one of the defendants who has been granted summary judgement on all liability claims.

WHEREFORE, PumpWorks respectfully requests the Court to Enter an order

     (i)    granting it leave to file evidence to prove up its damages in accordance with the following schedule:  PumpWorks to file in support of its damages by August 15, 2025; PeopleFlo to file its response to PumpWorks' damage claims by Septembe 5, 2025, and PumpWorks to reply by September 26, 2026;

     (ii)   determining that PumpWorks is entitled to an award of its reasonable attorneys' fees, the amount of which is to be determined under the provisions of L.R. 54.3; and

(iii)      any other relief the Court deems just.

Date: July 28, 2025                      Respectfully submitted,

**DXP ENTERPRISES, INC., and
PUMPWORKS, LLC**

By: /s/ Monica L. Thompson

    Monica L. Thompson (ARDC No. 6181455)
    mthompson@tottislaw.com
    Keith Stolte (ARDC No. 6244848)
    kstolte@tottislaw.com
    **TottisLaw**
    401 N. Michigan, Suite 530
    Chicago, IL 60611
    Tel: (312) 527-1400
    Fax: (312) 589-7192

    *Attorneys for Defendants, DXP
    Enterprises, Inc. and PumpWorks, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on July 28, 2025, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

/s/ Monica L. Thompson

Monica L. Thompson