IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PEOPLEFLO MANUFACTURING, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SUNDYNE, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC,**<br><br>**Defendants,** | Case No. 1: 20-CV-03642<br><br>Honorable Manish S. Shah<br><br>Magistrate Judge Young B. Kim |
| **PUMPWORKS, LLC,**<br><br>**Counter-Plaintiff,**<br><br>v.<br><br>**PEOPLEFLO MANUFACTURING, INC.,**<br><br>**Counter-Defendant.** | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

1. Plaintiff PeopleFlo Manufacturing, Inc. respectfully moves the Court for an Order granting it leave to file a four-page reply in support of its Motion to Compel Production of Documents. The reply brief has been prepared and will be ready to file shortly after any Order granting this motion for leave.

2. Sundyne, LLC filed its Response in Opposition to PeopleFlo's Motion to Compel on July 18, 2025. (Dkt. 461).

3. PeopleFlo seeks leave to file a brief reply to address arguments first raised in or otherwise arising from Sundyne's response brief to which PeopleFlo has not had an opportunity to respond, including Sundyne's argument that the documents PeopleFlo requests are no longer

relevant (despite the fact that the District Court denied in full Accudyne's motion for summary judgment on PeopleFlo's breach of contract claim) and its argument that PeopleFlo's Motion to Compel, which seeks the supplementation of documents that have not been produced including ongoing forecasts and marketing, is untimely. The short reply will aid the Court in its decision including binding 7th Circuit case law that Sundyne's response fails to consider. *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002) (holding that plaintiff's claim regarding breach of NDA that protected the information deemed not to be a trade secret was permitted to proceed); *see SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 711 (N.D. Ill. 2009) ("[w]hile there may be substantial overlap between confidential information and trade secrets, 'an enforceable restrictive covenant may protect material not properly characterized as a trade secret' and thus affords broader protection than trade secret law does").

4. A court may permit a reply "in the interest of completeness." *Zhan v. Hogan*, Case No. 4:18-cv-04126-SLD-JEH, 2018 WL 9877970, at *2 (C.D. Ill. Dec. 18, 2018). Because Sundyne has inserted new issues in its response to PeopleFlo's motion, and arguments that are contradicted by the record in this case and binding case law, a brief reply is necessary "for the sake of completeness." *See NC Cap., LLC v. Metabolomic Techs., Inc.*, 594 F. Supp. 3d 1073, 1076 (C.D. Ill. Mar. 29, 2022); *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011) (reply briefs typically allowed when helpful to disposition of motion).

WHEREFORE, for the foregoing reasons, PeopleFlo respectfully requests that the Court enter an order granting PeopleFlo leave to file a four-page reply brief in support of its Motion to Compel Production of Documents, and for any further or additional relief the Court deems appropriate.

Dated: July 30, 2025

Respectfully submitted,

/s/ John T. Ruskusky
One of the Attorneys for PeopleFlo Manufacturing, Inc.

John T. Ruskusky
(jtruskusky@nixonpeabody.com)
**Nixon Peabody LLP**
70 West Madison Street, Suite 5200
Chicago, IL 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 30, 2025, he served a copy of the foregoing on all counsel of record via electronic case filing procedures.

/s/ John T. Ruskusky
Counsel for PeopleFlo Manufacturing, Inc.