IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLEFLO MANUFACTURING, INC., <br><br>Plaintiff,<br><br>v.<br><br>SUNDYNE, LLC; DXP ENTERPRISES, INC.; and PUMPWORKS, LLC,<br><br>Defendants, | Case No. 1: 20-CV-03642 <br><br>Honorable Manish S. Shah <br><br>Magistrate Judge Young B. Kim |
| PUMPWORKS, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>PEOPLEFLO MANUFACTURING, INC.,<br><br>Counter-Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

PeopleFlo submits this brief reply to address certain inaccuracies and omissions in the Response (Dkt. 461) filed by Sundyne.

First, Sundyne ignores the pleadings and docket in this matter. PeopleFlo's breach of NDA claim is a separate claim with additional facts and separate proof. Accudyne (not Sundyne) moved for summary judgment on this claim (Sundyne first sought to join in its reply, which forfeited its attempted joinder), Dkt. 325-328 & 384, and the District Court denied the motion. As noted in prior pleadings and the Motion, "Confidential Information" is broadly defined in the NDA. Ex. C ¶ 1. Moreover, the parties agreed in the SPA that these rights included "*any modifications or improvements made by [Sundyne] to the Confidential Information.*" Ex. C ¶ 6 (emphasis added).

Thus, Sundyne's footnote argument (without evidence) that it later modified some or used other materials (after the lawsuit was filed) does not allow Sundyne to avoid discovery on the CSA.

Second, Sundyne omits the relevant law. It is well-settled that non-disclosure agreements may protect information that is not deemed to be a trade secret. *SKF USA, Inc. v. Bjerkness*, 636 F. Supp. 2d 696, 711 (N.D. Ill. 2009) ("[w]hile there may be substantial overlap between confidential information and trade secrets, 'an enforceable restrictive covenant may protect material not properly characterized as a trade secret' and thus affords broader protection than trade secret law does"); *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002); *RRK Holding Co. v. Sears, Roebuck & Co.*, 563 F. Supp. 2d 832, 839 (N.D. Ill. 2008) ("the legal claims [of trade secret misappropriation and breach of non-disclosure agreement] are separate"). In *IDX*, the Seventh Circuit held that even though the plaintiff's trade secret claim had been dismissed, the plaintiff's claim regarding breach of a NDA that protected confidential information deemed not to be a trade secret was permitted to proceed.[1] This result is applicable here. The NDA covers a broader scope of confidential information than trade secrets. Sundyne's partial win on some trade secret claims does not impair discovery on the NDA claim which survived (and Sundyne forfeited).

PeopleFlo's Motion also is timely. Under Rule 26(e), "litigants are under a continuing obligation to supplement their discovery responses if they later learn that a response is materially incomplete or inaccurate." *Brightpoint Distribution, LLC v. Digital Data Devices, Inc.*, 2018 WL 6591581, at *1 (S.D. Ind. Dec. 14, 2018). "It would clearly defeat the purpose of Rule 26(e) if the duty of supplementation did not survive the close of discovery." *Marianjoy Rehabilitaion Hosp. v. Williams Elecs. Games, Inc.*, 1996 WL 411395, at *3 (N.D. Ill. July 19, 1996). PeopleFlo seeks

---

[1] The relevant portion of the Wisconsin Uniform Trade Secrets Act, § 134.90(6)(b)1, is functionally equivalent to ITSA § 8. *Compare* Wis. Stat. Ann. § 134.90(6)(b)1 *and* 765 ILCS 1065/8.

such supplementation here relating to CSA sales, including costs, forecasts, marketing, and market share. Sundyne acknowledges that it previously produced sales records so there is no burden. Sundyne continues to market the CSA on-line, https://www.sundyne.com/products/hmd-kontro-pumps/chemical-service-pump-csa-csi/ (last visited July 30, 2025), including the disclosures discussed below, and in direct marketing to prospective customers. These materials (including forecasts) also should be supplemented to allow PeopleFlo's expert to prepare his report.[2]

Sundyne cites several inapposite cases to argue that PeopleFlo's Motion is not timely. In *Africano v. Atrium Med. Corp.*, this Court denied a motion to compel for a discovery request *after* the close of fact discovery (and after the defendant had identified the information in its initial disclosures 13 months earlier). 2019 WL 10891868 (N.D. Ill. July 3, 2019). Here, PeopleFlo requested this information pertaining to damages well before the discovery deadline, and now its expert requires up-to-date information in order to opine on PeopleFlo's damages due to Sundyne's breaches or its misappropriation. *West v. Miller* is also unhelpful to Sundyne. 2006 WL 2349988 (N.D. Ill. Aug. 11, 2006). There, defendant sought to compel production of a contract days before the close of discovery and despite plaintiff's objections from three months earlier. Conversely, PeopleFlo acted diligently in requesting that Sundyne supplement its production of CSA documentation, including repeated follow-ups with Sundyne counsel (who requested more time).

Third, Sundyne omits the factual record about the NDA claim. Dkt 362-20 (Ex. 52) is one example - an internal Sundyne powerpoint about the PeopleFlo confidential disclosures presented

---

[2] Sundyne does not dispute PeopleFlo's showing in the Motion that compensatory or expectation damages may include an examination of the market for the CSA, including evidence of CSA sales, or via disgorgement of Sundyne's profits for its breach of the NDA. Sundyne similarly does not dispute that PeopleFlo may seek consequential contract damages due to PeopleFlo's expectation that Sundyne would perform under the NDA and not breach it, or under ITSA for lost profits, unjust enrichment, or, alternatively, a reasonable royalty for the unauthorized use of a trade secret.

3

to Sundyne leadership which valued the disclosures at $48 million. Dkt 362 ¶¶ 14-15. In that presentation, Sundyne recognized that the PeopleFlo's confidential disclosures achieved six objectives (2624) including the weakness in current designs (including price, simplicity, and fewer components) and filled a "gap" in Sundyne's portfolio. Dkt 362-20 at 2607-2609, 2611, 2613, 2616, 2624 and 2637; Dkt 362 ¶¶ 9, 11, 16-18 and 362-25 (Ex. 57) at 49213 (re: Project Colorado). Following and based on PeopleFlo's disclosures, Sundyne pivoted to the current CSA. Dkt 362 ¶¶ 33-34, 43-48. When it launched the CSA, Sundyne even touted PeopleFlo's disclosures as "new" design features. *Id.* ¶ 48. The NDA squarely addresses Sundyne's actions here.

Considering the broad and plain terms of the NDA, and PeopleFlo's disclosures followed by Sundyne's admissions (including its presentation) and pivot, it is necessary and reasonable for PeopleFlo to obtain supplemental production relating to CSA sales, marketing and forecasts. Supplementation is needed generally for the full NDA claim and also to evaluate whether PeopleFlo's disclosures are marketed or considered in projections for the CSA. PeopleFlo's expert requires this information so that he has a full understanding of Sundyne's costs, market share, projections, and sales efforts relating to the CSA through the present, including Sundyne's more recent valuations, all of which bear on the consequences of Sundyne's breaches.

## CONCLUSION

**WHEREFORE,** PeopleFlo respectfully requests that the Court enter an order compelling Sundyne to supplement the requested production and permit PeopleFlo to produce its Rule 26(a)(2) disclosures within 28-days of Sundyne's supplemental production.

Dated: July 30, 2025                                             Respectfully submitted,

                                                                 /s/ *John T. Ruskusky*

5

>
> John T. Ruskusky
> (jtruskusky@nixonpeabody.com)
> **Nixon Peabody LLP**
> 70 West Madison Street, Suite 5200
> Chicago, IL 60602
> Telephone: (312) 977-4400
> Facsimile: (312) 977-4405
> *One of the Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 30, 2025, he served a copy of the foregoing on all counsel of record via electronic case filing procedures.

>
> /s/ *John T. Ruskusky*
> Counsel for PeopleFlo, Manufacturing, Inc.